### JOE PASSALOQUE V. THE STATE.

No. 9105.   Delivered April 7, 1926.

Rehearing granted June 25, 1926.

1.—**Possessing Intoxicating Liquor—Charge of Court—Harmless Error.**

Under Art. 666 C. C. P. of 1925 an inaccuracy in the instructions to the jury shall not authorize a reversal of the judgment of conviction, unless the record discloses that the trial had not been a fair and impartial one.   In this case the omission of the words "prima facie" from the charge submitting Art. 671 P. C. of 1925, in the light of the entire charge, was not of so harmful a character as to call for a reversal of the case.

##### ON REHEARING.

2.—**Same—Argument of Counsel—Held Improper—Reversible Error.**

Where, on his cross-examination of appellant, state's counsel propounded numerous questions, to which objections by appellant were sustained, and in his argument to the jury discussed the exclusion of the answers, and insinuated that appellant would have, if permitted, assented to his questions, and further stated what facts he could have proven had appellant not objected, this improper argument was of such a harmful character as to demand a reversal of the judgment.

3.—**Same—Continued.**

This character of argument offends against the rule often discussed by this court, which forbids the attorney for the prosecution to refer in argument to proof which could have been made by the state, but for the objections of the accused on trial.   Following Tally v. State, 48 Tex. Crim. Rep. 474, and numerous other cases cited.   See also Branch's Ann. P. C., Sec. 364.

Appeal from the Criminal District Court of Tarrant County. Tried below before the Hon. Geo. E. Hosey, Judge.

Appeal from a conviction for possession of intoxicating liquor for the purpose of sale, penalty one year in the penitentiary.

The opinion states the case.

*Phillips, Brown & Morris* of Fort Worth, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for possessing intoxicating liquor for the purpose of sale, punishment fixed at one year in the penitentiary.

Appellant rented a building in Fort Worth in the front of which he ran a barber shop. Immediately back of the barber shop was a bath room, and in the rear of that was a domino room. At the time the officers searched the premises they claimed appellant told them he controlled and ran the entire building. In the domino room they found a post which appeared to be supporting a shelf on which soda water bottles were stacked but the post could be turned aside exposing an aperture in the floor in which a large quantity of whiskey was found. Under the bath tub was a whiskey glass, and under the linoleum on the bath room floor, the officers discovered a trap door, under which a bottle containing a small quantity of whiskey was also found. Appellant testified that he had rented the entire building, but had subleased the domino room to a man named McGrew and claimed that McGrew was present at the time the officers made the search, but had since left the country. Appellant denied possession of the whiskey found in the domino room and bath room, and denied all knowledge of its presence.

In the first paragraph of the charge, the court instructed the jury and defined the offense in accord with the statute, making it clear that the gravamen of the offense was the possession of intoxicating liquor for the purpose of sale.

In the same paragraph of the charge, the court undertook to give to the jury the substance of Art. 671 P. C. (1925), in which it is declared that "proof of the possession of more than one quart of intoxicating liquor shall be *prima facie evidence* of guilt; but the defendant shall have the right to introduce evidence showing the legality of such possession." The part of the charge in which an instruction upon the effect of this statute was attempted was inaccurate in that it left out the words *"prima facie."*

The second paragraph of the charge we quote as follows:

"Now, if you find and believe from the evidence beyond a reasonable doubt that the defendant did directly or indirectly in the County of Tarrant and State of Texas on or about the date alleged in the indictment read to you, possess spirituous, intoxicating liquor for the purpose of sale, then you will find him guilty of the offense charged and assess his punishment at

confinement in the state penitentiary for some period of years not less than one nor more than five, in your discretion."

In the third paragraph was a comprehensive and approved charge upon circumstantial evidence.

The principal question upon appeal is that growing out of the omission of the words "*prima facie*" in the paragraph of the charge mentioned. This omission was improper, and unless harmless under the rule embraced in Art. 666, C. C. P. (old Art. 743), the error would be substantial. The article mentioned provides in substance that an inaccuracy in the instruction to the jury shall not authorize a reversal of the judgment of conviction unless it appear from the record that it was calculated to injure the rights of the accused, or unless the record discloses that the trial had not been a fair and impartial one.

Aside from the *prima facie* inference authorized by the statute mentioned, the circumstances revealed by the present record seem very cogently to support the theory of the state that the liquor in question was possessed for the purpose of sale. The controverted issue was not the *purpose* for which it was *possessed* but whether *appellant* was its possessor. He had been the lessee and in possession of the building in question for eight months. The length of the building was ninety-five feet. It was his theory that his lessee, McGrew, was the possessor of the liquor and that the equipment and arrangements for selling it were the result of McGrew's activities. If McGrew was in fact engaged in the business of selling liquor in the house which was rented from the appellant and occupied by both of them, we think the jury was authorized from the circumstances to determine not only that the appellant knew of its presence but that his conduct towards it was that of a principal offender.

According to the appellant and the state's witnesses there were other barbers in the barber shop at the time the search was made. Their names and localities were given but they were not called as witnesses; neither was the owner of the building summoned as a witness. The appellant's statement that McGrew was present at the time of the search was in conflict with the testimony of the officers, and his companions in the building were not called to support his testimony. It was the appellant who was with the officers at the time the search was made. The evidence is deemed such as to warrant

the jury in concluding that McGrew was in fact but a fictitious person.

Upon the question of possession, the court gave two special charges requested by the appellant, which read as follows:

"Gentlemen of the Jury: You are instructed that even though you may find and believe from the evidence that the defendant knew of the location of the whiskey in question, yet you cannot convict the defendant unless you find and believe from the evidence that he possessed it, and further, that he possessed it for the purpose of sale and that the fact of such knowledge on his part would not be evidence of guilt under the indictment."

And further:

"Gentlemen of the Jury: You are instructed that if you find and believe from the evidence beyond a reasonable doubt that the whiskey was found on the premises occupied by the defendant on the occasion testified about, yet if you further find and believe that the same was not in the possession of the defendant as the term possession has been defined in special charge No. 2, or you have a reasonable doubt as to whether it was in his possession or not, you will acquit the defendant."

In view of the record and the charges given at the request of the appellant, and the charge on circumstantial evidence embraced in the court's main charge, we are of the opinion that the fault in the first paragraph of the charge to which we have adverted was not of a nature which, in view of Art. 666, C. C. P., supra (old code, Art. 743), will authorize a reversal of the judgment. It is therefore affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—From bill of exceptions No. 6, which escaped our attention on the original hearing, we learn the following: Upon cross-examination of the appellant, state's counsel propounded this inquiry:

"And the reason these officers came down there and searched your place was because you had been selling whiskey to young boys that come in there and bought it from you, wasn't it?"

Upon receiving a negative reply, the following inquiry was made:

"You know that is the reason they came to your place, because they knew young boys had been coming in there and buying whiskey from you, don't you?"

Upon objection by appellant's counsel the answer was excluded and the question was withdrawn. However, exception was reserved to the procedure. Counsel for the state then asked the following question:

"You know as a matter of fact that the mother of one of these boys went in there and complained that you had been selling whiskey to her boy?"

To which the witness answered "No, sir."

Objection was made to this question. We gather from the question and answer record, which the court permitted to go into the bill, that the objection was not sustained. In referring to these matters in his argument, counsel for the state used the following language:

"They say I had no right to ask these questions and that such questions were not based upon any fact. * * * If I were to attempt to state to this jury any facts upon which these questions were based, these attorneys for the defendant would immediately be upon their feet objecting. I cannot tell you any of the facts relating to this case, but I can tell you how these bootleggers run their business. They are not licensed and do not have to pay any tax, but I tell you that they sell whiskey to anybody that wants to buy it. Young boys and girls, or anyone else that wants it."

Appellant insists that tested by the law of circumstantial evidence, the testimony is not sufficient to support the verdict. He adverts to the evidence that there were several other persons connected with the building in which the whiskey was found and contends that each of these had equal opportunity with the appellant to possess the liquor; that there is a lack of evidence to exclude the hypothesis that one of the others and not the appellant was the offender. He also insists, in view of the state of the evidence and taking into account the presumption of innocence, that the fault in the charge which was pointed out in the original opinion cannot be regarded as harmless. We are not prepared to say that the evidence is insufficient but viewing the matter presented by bill of exceptions No. 6, in the light of the whole record, we are of the opinion that a new trial should have been accorded the appellant.

The questions and the comments made thereon, as shown by the bill, were calculated to, and probably did convey to the jury, the idea that the prosecuting officer possessed informa-

tion, damaging to the appellant, bearing upon the specific issue under consideration and which was excluded from their consideration on account of the appellant's objection.

Nothing is perceived indicating that the questions were propounded with the expectation of an affirmative answer, nor as a predicate for impeachment. If state's counsel had possessed the information implied by his questions and argument, proof of some of it would have been admissible as original testimony. The inquiries seem to have served no purpose other than to put before the jury unsupported matter prejudicial to the appellant. See Lamm v. State, 94 Tex. Crim. Rep. 561. The comment seems to offend against the rule often declared by this court which forbids the attorney for the prosecution to refer in argument to proof which could have been made by the state but for the objection of the accused on trial. See Tally v. State, 48 Tex. Crim. Rep. 474; Askew v. State, 54 Tex. Crim. Rep. 414; Johnson v. State, 63 Tex. Crim. Rep. 50; Harris v. State, 161 S. W. 127; Bradley v. State, 162 S. W. 515; Branch's Ann. Tex. P. C., Sed. 364; also Scitern v. State, 87 Tex. Crim. Rep. 112; Harris v. State, 72 Tex. Crim. Rep. 117.

For the reason stated, the appellant's motion for rehearing is granted, the affirmance is set aside, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*