CLAUD BRADLEY V. THE STATE.

No. 2910.   Decided December 23, 1913.

**1.—Rape—Evidence—Argument of Counsel.**

Upon trial of rape, it was improper to permit State's counsel to attempt to prove a conversation which occurred between third parties in the absence of defendant and with which he had no connection, and to permit State's counsel to comment thereon.

**2.—Same—Evidence—Declarations of Third Parties.**

Where defendant's witness only testified that the reputation of the prosecuting witness for virtue and chastity was bad, it was not permissible to permit the State to go into the details of a conversation had between this witness and the girl's father, with which defendant had no connection whatever.

**3.—Same—Argument of Counsel.**

Where there was no evidence that defendant, in a trial for rape, sent the witness to prosecutrix to try and arrange a marriage between him and her, it was improper to permit State's counsel to say that defendant was suffering from a conscientious sense of guilt when he did so.

**4.—Same—Suspension of Sentence—Argument of Counsel.**

Where, upon trial of rape, defendant filed his application requesting that if the jury found him guilty to suspend sentence, etc., it was improper to permit State's counsel in his argument to say that such application was equivalent to a plea of guilty, etc., as the filing of such plea is not an evidence of guilt.

Appeal from the District Court of Montague. Tried below before the Hon. C. F. Spencer.

Appeal from a conviction of rape upon a female under the age of consent; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

C. E. Lane, Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of the offense of rape on a girl under fifteen years of age, and his punishment assessed at five years confinement in the State penitentiary.

In a bill of exceptions it is shown that the prosecuting officer placed W. T. Russell on the witness stand, and attempted to prove a conversation between Mr. Russell and Mr. Orr, the father of the girl alleged to have been raped. Mr. Russell was one of the attorneys for appellant on this trial, but he had not been employed at the time the conversation took place between himself and Mr. Orr. The court correctly sustained the objection of appellant's counsel, and refused to admit this conversation in evidence. The placing of Mr. Russell on the witness stand and propounding these interrogatories was highly improper under the circumstances of this case, for there was no reasonable ground to believe that the conversation was admissible in evidence, but as the court sustained the objection when made, this alone might not present reversible error; but when the county attorney, in his closing argument, stated to the jury that he had proved that defendant had sent his attorney, W. T. Russell, to see the father of the prosecutrix, and this "showed that appellant was laboring under a consciousness of guilt; that it was tantamount to a confession of guilt," the error in the proceedings is made manifest. The record does not disclose that defendant ever sent Mr. Russell to see the father of the prosecutrix; in fact, in the bill it is shown that he did not do so, and it does not appear that he knew Mr.

Russell went to see her father, and if Russell had made the visit without his sanction or approval, this would be no evidence of his guilt. A defendant is responsible for his own acts, or those done by his authority and with his approval and sanction, and he could in no sense be held responsible for the acts of Mr. Russell, at least, before he employed him, and this matter would alone present reversible error.

Again, the defendant placed Jim Fooshee on the witness stand, and this witness testified that the reputation of the prosecuting witness for virtue and chastity was bad. These are all the questions defendant propounded to him. It was perhaps admissible for the State to show that this witness had interested himself in the matter, and had endeavored to stop the prosecution, as showing his interest and bias, but certainly it was not permissible to go into the details of a conversation had between the witness and the girl's father. The witness stated positively he went to see Mr. Orr without the knowledge and consent of appellant, and that appellant had no knowledge he had ever gone to see the prosecutrix's father. The record discloses the following facts were gone into on cross-examination of the witness by the State: "I don't know that my mission to Terrell was to get this prosecutrix to marry Claude Bradley. I went over there to see how Mr. Orr was feeling on the matter,—to see how he was feeling about it; I was a friend to Mr. Orr myself and I just wanted to see how he felt about it. I don't recollect whether or not I mentioned the fact that he had better let Claude Bradley and her marry and settle the prosecution. I don't know that I had been instructed to make that proposition. I never spoke to Claude Bradley about that. I would not be positive that his friends instructed me to go see Mr. Orr. There were two or three men talking to me about it. I don't remember whether his brother was there at the time or not. My impression is that one of his brothers was there at the time. It is true that the old man wouldn't let the girl marry Claude Bradley, but stated that he would let her marry Rodon. It is true that the marriage between Claude Bradley and her must have been mentioned." All this could not but be very hurtful and harmful to defendant, and as he was not present, had no knowledge that the trip was going to or had been made, this testimony should not have been admitted.

In another bill it is shown the county attorney, in his argument, said: "That the defendant sent Jim Fooshee to Terrell to try to arrange a marriage between Anna Mae Orr and defendant, because he was guilty as charged. That he was suffering from a sense of a conscious guilt. That if he had been armed with a sense of conscious integrity, he would have never done so." This was erroneous, and the court should not have permitted such argument to have been made. There is no evidence that appellant sent Mr. Fooshee to Terrell to try and arrange a marriage between himself and the prosecutrix.

It appears from the record that appellant filed the statutory request that if he was found guilty and his punishment assessed at not more

.than five years in the penitentiary, the sentence be suspended. This is a right given him by the statute, and such plea is not evidence of any fact, and in bill No. 9 it is shown: "The State's attorney both in opening and closing his speech for the prosecution asserted over and over again, and with great vehemence and earnestness that the plea of the defendant filed herein wherein the defendant asked for the benefit of the suspended sentence law, in case of a conviction, was equivalent to a plea of guilty. And that none but a guilty man would file such a plea, and that any man who would file such a plea was guilty and should be convicted and the benefits of the suspended law withheld from him." This was highly improper, and such argument should not have been permitted. If the mere filing of such a plea was evidence of the fact that "the benefits of the suspended law should be withheld from him" then the purpose of the law would be defeated, and such construction should not be given it as wholly defeats its object and purpose. The filing of this plea is not an evidence in law of guilt. While it is perfectly permissible for the State to argue, if the *evidence* introduced justifies it, that the person on trial should not be given the benefit of the suspended sentence law, but the mere filing of the plea furnishes no such grounds for argument, nor should it be construed nor argued as an evidence of conscious guilt.

There are other matters complained of in the record, but the ruling on the above bills will be sufficient to show what evidence is admissible and what not, and that the prosecuting officers should keep themselves within the record in presenting a case.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

DAVIDSON, JUDGE, absent.