## H. C. CRAFT V. THE STATE.

No. 9858.   Delivered April 6, 1927.

Rehearing denied June 8, 1927.

**1.—Manufacturing of Intoxicating Liquor—Search and Seizure—When Available—Rule Stated.**

Where officers entered the residence of one Hunt, and found appellant in said house, acting together with Hunt in the manufacture of intoxicating liquor, appellant will not be heard to complain that such search of Hunt's residence was made without a legal search warrant. "The right to complain because of an illegal search and seizure is a privilege personal to the wronged or injured party, and is not available to anyone else." See opinion for collation of authorities.

### ON REHEARING.

**2.—Same—Search and Seizure—Statute Construed.**

The enactment of Art. 727a, C. C. P., providing that "no evidence obtained by an officer or other person in violation of any provision of the constitution or laws of the state of Texas, or of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case," changed the rule adopted by this court in the Welchek case, 93 Tex. Crim. Rep. 271. The premises of the accused must be shown to have been invaded before he can avail himself of the provisions of this statute.

Appeal from the District Court of Smith County. Tried below before the Hon. J. R. Warren, Judge.

Appeal from a conviction for manufacturing intoxicating liquor, penalty two years in the penitentiary.

The opinion states the case.

*Gentry & Gray* and *Nat Gentry* of Tyler, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—The offense is the unlawful manufacture of intoxicating liquor, punishment fixed at confinement in the penitentiary for a period of two years.

Witnesses for the state testified that, acting under a search, warrant, they searched the private dwelling of Clem Hunt and found Hunt and the appellant therein engaged in making intoxicating liquor. Objection to this testimony was made upon the ground that the evidence was obtained through an illegal search, and its receipt, therefore, was forbidden by the statutes of this state. See Chapters 49 and 149, Acts of the Thirty-Ninth Legislature.

The affidavit for the search warrant was made by two witnesses and stated that they had *"good reason to believe and did believe that intoxicating liquor was making in the dwelling of Clem Hunt."* The statutes mentioned above, quoting the clause of the Constitution forbidding a search except upon "probable cause" supported by oath or affirmation, make the violation of this provision by any peace officer a penal offense, and also declare that evidence obtained through an illegal search shall not be received. It is insisted that under the law of this state a warrant to search a private dwelling is illegal if the affidavit therefor is based alone upon *"information and belief"* of the affiants. The contention is that such an affidavit should state the facts or information upon which the belief of the affiants is founded. In other words, that the requirements of "probable cause" to search a "private dwelling" is not satisfied by the mere suspicion of the affiants, but must be based upon some knowledge or information, and that in the affidavit there must be some statement of the knowledge or information upon which the belief or suspicion is founded. The members of this court find themselves in disagreement relative to the requisites of an affidavit for a search warrant, but find that to write our views upon the subject in this case would be merely to discuss a question upon which our expressions at last would be only dicta, for we are all agreed that the determination of that point is not necessary to a decision and that the judgment must be affirmed for the reasons to be given regardless of the sufficiency or otherwise of the affidavit.

The house searched was the private residence of Hunt. Appel-

lant did not live there. He was only present acting with Hunt in manufacturing whiskey. There was no invasion of appellant's residence and for that reason he could not object to the evidence obtained as a result of the search, even though it might have been illegal. The Supreme Court of the United States has always been jealous in guaranteeing to citizens the protection of the constitutional provisions against searches unless based upon "probable cause," but at the same time limits the right to exclude evidence illegally obtained to the individual whose premises were invaded or whose property was seized. When the Thirty-Ninth Legislature (Acts 1925), page 186, Art. 727a, C. C. P., prohibited the admission of evidence illegally obtained it is believed the courts of this state by such enactment were required to make the same application of the principle involved as had theretofore been made by the Supreme Court of the United States, and by the courts of other jurisdictions in excluding evidence obtained in violation of the constitutional provisions. The rule is concisely stated in Sec. 12, page 62, Cornelius on Search and Seizure, thus:

"The right to complain because of an illegal search and seizure is a privilege personal to the wronged or injured party, and is not available to anyone else."

Supporting the text see McDaniel v. U. S., 294 Fed. 769; Esgee Co. v. U. S., 262 U. S. 151, 67 L. Ed. 917, 43 Sup. Ct. 514; Remus v. U. S., 291 Fed. 501, 6 C. C. A. 511; Haywood v. U. S., 268 Fed. 795; Wilson v. U. S., 221 U. S. 361, 55 L. Ed. 771, 31 Sup. Ct. 538; Wheeler v. U. S., 226 U. S. 478, 57 L. Ed. 309, 33 Sup. Ct. 158; Johnson v. U. S. 228 U. S. 447, 57 L. Ed. 919, 33 Sup. Ct. 572, 47 L. R. A. (N. S.) 263.

In Remus v. U. S. (supra) Remus and others were charged with violation of the National Prohibition Act. A search was made by government officers of a place at Death Valley. It was contended by Remus that the search was illegal and that the evidence obtained thereby was not admissible as against him. A co-defendant, Gehrum, was not on trial. The court said:

"Upon any theory, this evidence was admissible as against all of the defendants except Gehrum. A separate brief is filed in his behalf, which deals largely with this particular question. The warrant upon which this search and seizure was made purported to authorize a search of the premises of the defendant John Gehrum. So far as appears by this record, no other defendant claims to be interested either in the premises searched or the property seized. John Gehrum filed his motion, which is verified by his affidavit, and in which he avers that the property

seized is his property, and was taken from him by illegal search warrant, which among other defects did not particularly describe the premises and place to be searched. If this search warrant was illegal, and the search and seizure constituted an invasion of John Gehrum's constitutional rights, it certainly could not affect the constitutional rights of other defendants, the privacy of whose homes was not invaded, nor could they be heard to complain that the constitutional rights of Gehrum had been forcibly and unlawfully violated. Nor could Gehrum claim the benefits of the Fourth and Fifth Amendments on behalf of his co-defendant. Hale v. Henkel, 201 U. S. 43; Burdeau v. McDowell, 256 U. S. 465; Haywood v. U. S., 268 Fed. 795."

In Driskill v. U. S., 281 Fed. 146, Driskill owned a residence which the officers searched under an alleged defective warrant. Driskill also owned property across the alley from the residence which he had leased to Mr. and Mrs. Luttner. Some of the officers saw Driskill busy about a trunk and barrel in the garage on the premises leased by the Luttners. Mrs. Luttner gave permission to the officers to search the leased garage. The barrel and trunk contained whiskey. The garage in which the whiskey was found was constructed for the use of the Luttners, but Driskill used it occasionally to store property in. He disclaimed any ownership of the trunk or barrel or possession of the garage. The court held that the evidence obtained of defendant's actions relative to the trunk and the finding of the whiskey was not in violation of the Fourth Amendment to the Constitution of the United States because permission was given to search the garage by the lessee and that Driskill, the lessor, had no ground of complaint. To the same effect is Goldberg v. U. S., 297 Fed. 98. See also Francis v. State, 221 Pac. 785 (Oklahoma); Buchanan v. Commonwealth, 210 Ky. 364, 275 S. W. 878; Wax v. Commonwealth, 214 Ky. 480, 283 S. W. 430; State v. Pigg, 278 S. W. 1030 (Missouri).

Our own courts have given effect to the same principle in Wright v. State, 281 S. W. 864; Dozier v. State, 289 S. W. 45. It is believed that appellant has no just ground of complaint against the testimony of the officers because the residence searched did not constitute an invasion of his rights.

The judgment is therefore ordered affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—It is the understanding of this court that the enactment of Act. 727a, C. C. P., as follows:

"No evidence obtained by an officer or other person in violation

of any provision of the Constitution or laws of the State of Texas or of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case," was intended and did have the effect to change the rule adopted by this court in the case of Welchek v. State, 93 Tex. Crim. Rep. 271. Under the rule there declared, the fact that evidence of crime was obtained by an illegal search was nevertheless admissible against one accused of crime whose premises had been wrongfully invaded. At the time the Welchek case was decided it had, so far as we are aware, never been held that one whose premises were not wrongfully invaded could successfully oppose the receipt of evidence of crime obtained through an unauthorized search. The contrary seems to have been the rule as indicated in the various cases cited in the original opinion which, in the judgment of the writer, made proper disposition of the appeal.

The motion for rehearing is overruled.

*Overruled.*