### V. G. JENKINS V. THE STATE.

No. 10871.    Delivered October 26, 1927.

Rehearing denied November 23, 1927.

**1.—Possessing Equipment for Manufacturing Liquor—Insufficient Affidavit —Not Available to Appellant.**

Where a search was made by officers of the private residence of one Johnson, by virtue of a warrant secured by an insufficient affidavit, appellant, who had no interest in the premises searched, could not avail himself of the insufficiency of the affidavit for the warrant.

**2.—Same—Continued.**

The right to complain because of an illegal search is a privilege personal to the wronged or injured party. See Cornelius on Search and

Seizure, Sec. 12, p. 62.  Following McFarlane v. State, 292 S. W. 885. Dozier v. State, 289 S. W. 45.

ON REHEARING.

**3.—Same—No Error Disclosed.**

On rehearing nothing is made to appear that impresses us that our original disposition of the case was erroneous, and the motion is over-ruled.  See Craft v. State, 295 S. W. 617 and other cases cited in opinion on rehearing.

Appeal from the District Court of Mitchell County.  Tried below before the Hon. W. P. Leslie, Judge.

Appeal from a conviction for the possession of equipment for the purpose of manufacturing intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State:

CHRISTIAN, JUDGE.—The offense is the possession of equipment for the purpose of manufacturing intoxicating liquor; the punishment confinement in the penitentiary for one year.

Appellants were indicted and tried jointly.

One of the state's witnesses, J. A. Wilson, lived near the appellant, Frank Johnson.  This witness went to Johnson's home frequently.  On the night of April 21, 1926, the witness was at Johnson's home.  When he knocked at the door Johnson opened the door and came out and appeared to be frightened.  Weddle and Jenkins, the other appellants herein, were seen by the witness through the curtains in a north room.  The witness smelled something like sour bran and could see that there was a fire in the room.  The witness sent his boy to the officers with instructions to report to them what the witness had discovered. The officers secured a search warrant authorizing them to search the residence of Johnson, one of the appellants herein.  The affidavit for the search warrant was made upon information and belief, and there were given therein no facts, circumstances, or detailed information tending to show that the residence was being used for a purpose denounced by Article 691, Penal Code, 1925.  Operating under the search warrant officers discovered in Johnson's home equipment for manufacturing intoxicating liquor.  Johnson was not present at the time the officers entered his home, but came in while they were making the search.  At

the time the search was made, appellants Jenkins and Weddle were in the room where the equipment for manufacturing liquor was discovered by the officers, under conditions which showed guilty connection with the possession of said equipment.

Appellants have brought forward numerous bills of exception wherein complaint is made that the trial court erred in admitting, over their objection, the testimony of the officer touching the results of the search.

The search warrant was issued without legal authority. A warrant to search a private dwelling, occupied as such, based upon an affidavit made upon information and belief in which there is given no fact, circumstance, or detailed information showing or tending to show that the dwelling is used for a purpose denounced by Art. 691, Penal Code 1925 is unauthorized, and a search under such warrant is illegal. Chapin v. State, 296 S. W. 1095.

The statutes of this state penalize an illegal search. Art. 4A, C. C. P. 1925. Art. 727A, C. C. P. provides that "no evidence obtained in violation of the Constitution or laws of the State of Texas, or of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case." As to the appellant, Frank Johnson, the testimony of the officers touching the results of the search was inadmissible.

The right to complain because the search of Johnson's residence was illegal was not available to the other appellants. It is not shown that they were in any manner interested in the premises, but on the other hand it is disclosed by the record that they lived in another and different place. In Cornelius on Search and Seizure, Sec. 12, p. 62, the rule is stated as follows:

"The right to complain because of an illegal search is a privilege personal to the wronged or injured party, and is not available to anyone else."

See also McFarlane v. State, 292 S. W. 885; Dozier v. State, 289 S. W. 45.

As to appellants Jenkins and Weddle, the judgment of the court is affirmed. As to appellant Johnson, the judgment is reversed and the cause remanded.

> *Affirmed as to Jenkins and Weddle.*
> *Reversed and remanded as to Johnson.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In the motion for rehearing it is contended that the evidence obtained in the search of Johnson's house, in which the appellants were engaged in the commission of the offense charged, was rendered inadmissible by Art. 727A, C. C. P. 1925, and that the right to complain of its receipt applied to all parties, including the appellants, who were not wronged or injured by the illegal search of Johnson's house. This contention has been before the court in several recent cases. See Craft v. State, 295 S. W. 617, in which a number of cases from other jurisdictions are cited. See also Stansberry v. State, 295 S. W. 604; Wilkerson v. State, 296 S. W. 558; Allman v. State, 296 S. W. 580. In each of these cases the conclusion reached is in accord with that announced by this court on the original hearing, which is deemed correct.

The motion is overruled.

*Overruled.*