EDDIE BURNETT v. THE STATE.

No. 11548. Delivered May 2, 1928.
Rehearing denied June 20, 1928.

The opinion states the case.

A. B. *Browder* of Cold Springs, and *F. C. Fulton* of Houston, for appellant.

A. A. *Dawson* of Canton, State's Attorney for the State.

MARTIN, JUDGE.—The offense is the unlawful transportation of intoxicating liquor; the penalty, one year.

It was shown by witness, Dora Wright, that appellant brought a package to her home and left it. Shortly thereafter the Sheriff of the county, operating under a search warrant, came to the house of witness, Wright, and there found in the package left by appellant a quart bottle of whisky.

Bills Nos. 1 and 2 present the question of the refusal of the Court to permit an answer to certain questions shown in said bills. The expected answer is nowhere set out in the bills. A bill of excep-

tion taken to the refusal of the Court to permit a witness to answer a question must show what the answer of the witness would have been in order to entitle it to consideration on appeal. Massey v. State, 1 Tex. Crim. App. 569; Fletcher v. State, 153 S. W. 1135; Branch's P. C., 136.

Bill No. 4 is to the exclusion of evidence in answer to a question, which question has been set out in the bill of exception, but the answer to same admitted in evidence is nowhere shown in said bill. The bill of exception is fatally defective as it fails to set out the evidence admitted and objected to. Burke v. State, 25 Tex. Crim. App. 172; Chapman v. State, 37 Tex. Crim. Rep. 173; Branch's P. C., Sec. 210.

Complaint is made and presented in bill of exception No. 3 of the action of the Court in permitting the Sheriff, I. T. Patrick, to testify that he found intoxicating liquors in a sack at the private residence of Willie Wright at the time of the alleged offense of which the appellant was tried. The objection to this was that the whisky was found in a private residence searched without serving the occupants with a legal search warrant. The record shows that appellant did not live at and was not interested in any way in the premises searched. The right to complain because of an illegal search is a privilege personal to the injured party and is not available to anyone else. Jenkins v. State, 299 S. W. 642; Craft v. State, 295 S. W. 617. The objection made was not available to appellant under the facts of this record, he being a third party and not shown to have been in any way interested in the premises searched.

Complaint is made in bill of exception No. 5 of the action of the Court in permitting the Sheriff to taste the liquor in the presence of the jury and testify that same was whisky, because said witness had not qualified as an expert and it is further suggested in the brief that same was inflammatory. Such testimony may be given by a non-expert and we see nothing in the transaction calculated to inflame the jury. They are not shown to have tasted it. The whisky may have been of the character to inflame the witness or anybody else who drank it, but it does not appear that any "inflammation" occurred of which the jury knew.

Finding no errors in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—The State's testimony is as follows: The dwelling-house in which Willie Wright, a negro, his wife, Dora Wright, and his eleven-year old daughter resided was searched by Sheriff Patrick and in the house he found a quart bottle of whisky which was deposited in a sack. According to the testimony, he had information that Ed Burnett, the appellant, had placed the whisky in the house, and that upon that information he made the affidavit and obtained a search warrant. It was shown by the witness Dora Wright that the appellant brought a bottle of whisky to her house a short time before the search took place. Her daughter gave testimony in substance to the same effect. It seems from other testimony that before making the search of the house the sheriff, acting under a search warrant, had searched the car of the appellant without finding any whisky therein.

Appellant introduced the witness Robert White, who testified that on the day of the arrest, he was in company with Burnett; that they went together in the appellant's automobile and that Burnett had no whisky, at least the witness saw none. Upon cross-examination, White testified that the automobile in which they were riding was stopped at a point near Willie Wright's residence and remained there for some time; that while stationed there, the appellant left the car and returned in about ten minutes.

In his motion the appellant insists that Bills of Exceptions Nos. 1 and 2 are sufficient to present error. The criticisims of the bills as contained in the original opinion are deemed sound. However, the bills are otherwise deemed without merit.

The ruling of the court of which complaint is made is that in which he sustained the State's objection to the question propounded on cross-examination, asking the sheriff if he did not make an affidavit that Willie Wright had intoxicating liquors in his house for the purpose of sale. Explaining Bill No. 1 the court states that Patrick testified that he got a warrant to search Willie Wright's house because he was informed that Ed Burnett had placed whiskey therein. The court refers to the facts, an examination of which shows that the sheriff testified that he made the affidavit upon which the search warrant was based.

The complaint of the failure to read the search warrant to the occupants of the house is without merit as the prosecution is not against either of them, but is against the appellant, who neither

owned, possessed or occupied the place. See Craft v. State, 295 S. W. Rep. 617.

The appellant's witness, Robert White, having testified on direct examination that he was with the appellant and that he had no whisky and having further testified on cross-examination that the appellant's car had been stopped near the home of Willie Wright and that the appellant left the car, it was not improper for the State, for the purpose of impeachment, to ask the witness if he had not told one Hughes that the appellant had stated that he had carried the whisky over to Dora Wright's house. The witness White gave a negative answer to the question. So far as shown by the bill, the matter was not further pursued.

The motion for rehearing is overruled.

*Overruled.*