### GUY McFARLAND v. THE STATE.

No. 11552. Delivered May 2, 1928.
Rehearing denied June 20, 1928.

*Ramey & Davidson* of Sulphur Springs, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale; punishment, one year in the penitentiary.

This is the second appeal of this case. The opinion on former appeal will be found in 106 Texas Crim. Rep. 384.

It is shown that appellant lived at the home of Roy Cowser. Armed with a search warrant, officers searched the premises of Cowser and in his barn found a gallon jug of whisky under the floor, also two half gallon fruit jars and a quart fruit jar of whisky in a tow sack in the crib. This search was about April 15, 1926. A witness swore that about three or four days before said date he, with a brother of appellant, was in a car and saw appellant standing by himself by another car in the road. Appellant asked them if they

would have a drink. Witness declined, but appellant and his brother both took a drink out of a jug which appellant got out of the car by which he was standing. The jug was then put back in said car and both cars went together to Roy Cowser's place. There appellant got out of the car, took from same a jug and a tow sack which he took toward the barn. The jug was not in the sack. On this trial Cowser testified that the whisky in the barn was not his and that he knew nothing of it. He also testified that appellant had told him that the whisky was his. We deem it unnecessary to discuss or analyze this testimony. It is plain that it justified the verdict finding appellant guilty of possessing the jug and tow sack of whisky. Incidentally we often call attention to the fact that the ownership of premises being in another than the accused, will not necessarily operate to prevent conviction of one charged with possession of intoxicating liquor, when such liquor is found on such premises.

The State offered to prove by the sheriff what he found as a result of the search made by him under said warrant. Appellant objected because no predicate had been laid showing the legality of such search. The State then offered the affidavit and search warrant, to the admission of which various objections were made, chiefly that same did not authorize a search of the premises of this appellant; that the affidavit set out no facts; no premises were identified in the affidavit as the property of this appellant, but were shown therein to be the property of Cowser. We think the objections properly overruled. This court has uniformly held that when the legality of a search under a warrant is challenged, it must appear that the premises so searched belonged to or were under the care, control and management of the party complaining, else his right to object will be denied. In Craft v. State, 107 Texas Crim. Rep. 130, 295 S. W. Rep. 617, authorities are cited. We have in no instance held otherwise, and are still of the opinion that the doctrine is correct.

Objections to the legality of the search caused the introduction of the affidavit and search warrant, in order to demonstrate the regularity of said search.

The question of the possession of the liquor was a wholly different matter, and was an issue of fact under the testimony. Appellant having been seen with a jug from which he and his brother took a drink, which jug he was later seen carrying, together with a tow sack, towards Mr. Cowser's barn; the finding of the jug of whisky and a tow sack containing jars filled with whisky in that barn a few

days later, coupled with the testimony of Mr. Cowser that it was not his and that he knew nothing of it, and the further fact that appellant did stay at said place, seems to afford full justification for the action of the jury in finding appellant guilty.

Complaint is made of the charge of the court defining possession. We think the complaint without merit.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The premises searched belonged to Cowser. Appellant was an employe working on the farm and staying at Cowser's house. In our original opinion we said:

"On this trial Cowser testified that the whisky in the barn was not his and that he knew nothing of it. *He also testified that appellant had told him that the whisky was his.*"

In his motion for rehearing appellant calls attention to the fact that the court in his charge withdrew from the jury that portion of Cowser's evidence relating to what appellant told him. The witness left it in doubt whether the statement was made by appellant while in jail or after his release, under which circumstances the learned trial judge instructed the jury not to consider it. Having been stricken from the record this court can not take cognizance of it. Appellant contends that with such statement excluded from consideration the testimony—under the rules controlling where the state relies upon circumstantial evidence—is not sufficient to support the conviction. We have again carefully gone into the facts in the light of appellant's motion but have been unable to bring ourselves to his way of thinking. It would serve no good purpose to set out in detail the evidence and our analysis thereof which leads us to believe the verdict is sufficiently supported.

Appellant renews complaint because the search warrant and affidavit therefor were admitted in evidence. We see no good reason why these documents should have gone to the jury. Where objection is interposed to evidence of the result of the search until it be shown by the state that the officers were acting under a valid warrant authorizing it the purpose would be served by *exhibiting to the court* the warrant, and if necessary, the affidavit also. The contents should ordinarily not go to the jury; the recitals therein are necessarily hearsay. We have expressed ourselves fully upon that point in the opinion on rehearing in Broyles v. State, (No. 11191, this day decided). But as was said in that case, it is not in every

instance that the erroneous admission of the documents mentioned will demand reversal, and such, in our judgment, is true in the present case. The affidavit was made for the purpose of securing a warrant to search Cowser's premises. The recitals in the affidavit and warrant relate to Cowser and not to appellant and we can not hold that the effect of their reception in evidence was harmful to appellant.

It being Cowser's property which was searched and not appellant's, the latter could not have complained even if the affidavit and warrant had been defective. (Craft v. State, 107 Tex. Cr. R. 130, 295 S. W. 617), but under the decisions in Ware v. State, (No. 11334, opinion delivered May 2, 1928), and Bird v. State, (No. 11553, opinion on motion for rehearing this day delivered), the affidavit and warrant appear to be in compliance with the law.

The motion for rehearing is overruled.

*Overruled.*