## J. M. SALINAS v. THE STATE.

No. 11306. Delivered June 6, 1928.
Rehearing denied February 13, 1929.
Second Rehearing denied June 26, 1929.

The opinion states the case.

*Edward A. Mulally, Collins & Dupree, Frazier & Averitt* of Hillsboro, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for transporting intoxicating liquor; punishment, four years in the penitentiary.

Itasca, in Hill county, is on the main highway running from Laredo via San Antonio and Austin to Fort Worth and points north. On the day in question a deputy sheriff at Itasca was approached by a man whom he knew, who gave him information that a certain truck was approaching Itasca from the south which was being accompanied by a blue Buick coupe occupied by a couple of men, and that the movements of the party were suspicious. This gentleman told said officer that he had followed the truck and coupe along the highway and had observed that the truck made no stops for gasoline at filling stations, but that gasoline was obtained by the occupants of the coupe at filling stations and by them supplied to the truck. Upon this information said officer applied for and obtained a search warrant, the affidavit for said search warrant appearing to us to be not in conformity with the statutes and failing to give a sufficient description of the thing or party to be searched. This however, in view of other facts in the case, we regard as immaterial to the disposition of the case. About the time the officer obtained the search warrant the truck in question came to Itasca. It was driven by one Roderiquez. The officer searched the truck and found in it twenty-eight cases of alcohol, each case containing two five-gallon cans of said liquid. Appellant was not with the truck, nor was he arrested by the officer. Roderiquez alone appeared to be in said truck. We do not deem it necessary to discuss at length complaints of the insufficience of the affidavit or the search warrant in this case. One not the owner and not in actual personal possession of a vehicle searched by the officers, in which is found intoxicating liquor, is in no position to complain at the reception of testimony as to the contents of the car. For another reason also, we think the testimony as to the contents of the car admissible, viz: that the officer had ground for believing the car engaged in transporting liquor and hence had probable cause for searching said car. Battle v. State, 290 S. W. 762; Whitworth v. State, 290 S. W. 764.

There appears much complaint on the part of appellant of various rulings of the court based upon the fact that at a former time, and upon another trial of this cause, the State had elected to stand upon the first count in the indictment,. said indictment containing one count charging transportation of intoxicating liquor, and a second count charging possession of such liquor for purposes of sale.

Appellant made a motion to quash the indictment upon the ground that the State had elected to stand upon one of the counts only. The motion was properly overruled. To hold otherwise would at once and in every case of plural counts,—where an election was had, —give rise to the same right of the accused to demand that the indictment be quashed, and thus the commendable practice of pleading in different counts to meet the proof which might develop, would destroy itself. There is complaint of the charge of the court because it stated to the jury that there were two counts in the indictment, and of the fact that the prosecuting attorney stated to the jurors in examining them that the indictment contained two counts. We attach no importance whatever to either proposition. The indictment was a part of the proceedings, would go to the jury in their retirement, would be seen and read by them, and it was perfectly proper for the court to tell the jury,—as he did,—that there were two counts, but that the State had elected to prosecute for the count charging transportation, and that they should not consider the other count at all. We cannot conceive that the mere fact of the reading of both counts in the presentation of the case, could have inflicted any injury upon appellant. There is no sort of showing of any wrongful discussion or appropriation of such fact by the jury, or anyone connected with the case.

Bills of exception Nos. 3, 4, 5, 6 and 7 set out objections to the reception of the testimony of the officer regarding the search of the truck, and the information received by him upon which the State predicates probable cause herein. We think the evidence admissible, and do not deem it necessary to discuss either of the contentions at length. Bill of exceptions No. 8 also relates to a conversation between the officer and the persons from whom he obtained his information concerning the movements of said truck loaded with liquor. Said bill of exceptions states a question which was asked, but does not seem to set out the answer, if any, which the witness gave, upon the overruling of the objection. The bill is fully qualified, and if the answer appeared, would present no error.

Bill of exceptions No. 9 is in question and answer form, and for this reason cannot be considered.

Bills of exception Nos. 10, 11, 12 and 13 set out appellant's objections to the testimony of witnesses as to the fact that certain liquor was turned over to them by the officer who searched the truck in question, the objections to said testimony seeming to relate to the illegality of the search. For the reasons stated above, we are of

opinion that no error appears. We think it perfectly proper for the parties who saw the liquor in question and examined it, to testify that same was alcohol.

Bill of exceptions No. 14 complains of the reception of testimony from a Federal customs officer in Webb county, Texas, to the effect that he found an automobile on the ranch of appellant in Webb county, and that he took it into his possession. The car referred to was shown to correspond with a car that was seen moving along the road in Hill county at or about the time of the search of the truck found loaded with alcohol and driven by Roderiquez.

Bill of exceptions No. 15 complains of the refusal of the court to permit appellant to ask one Garcia if he had not hauled tequila in that truck. The objection to the question was properly sustained. The matter inquired about did not embrace any legal charge against Garcia, and was a reference to a particular transaction deemed by appellant to be incriminating in character. Authorities are too numerous to need citation.

Bill of exceptions No. 16 complains because appellant was not permitted to have Garcia answer the question that he was put in the Hill county jail. Some doubt exists as to the propriety of the form of the question, but in as much as the witness testified positively, in another portion of his testimony, that he was put in the Hill county jail and remained there for sixteen days, we are unable to agree with appellant that any injury resulted from the sustaining of the State's objection to the question when asked. Bill No. 17 is in much the same situation. The complaint is that appellant's question on cross-examination of the witness Garcia, in reference to where he stayed while in Hillsboro, would have elicited the answer that witness stayed in jail sixteen days. As above stated, the same witness testified in another part of his evidence that he did stay in jail in Hillsboro sixteen days at said time.

Bills of exception Nos. 18, 19, 20 and 21 complain of the refusal of the court to allow certain witnesses to answer certain questions. This court is not in a position to appraise such complaints, because the expected answer of the witness does not appear in either bill.

Bill of exceptions No. 22 presents complaint of the introduction in evidence of the search warrant. Many grounds of objection appear in the bill which we deem it unnecessary to enumerate. There may be cases in which the receiving of such documents in evidence might be hurtful, but since there was no controversy in this case over the fact that the liquor referred to was found in the truck at

the time and place mentioned, and since there appears nothing in said search warrant, or in the affidavit upon which same was issued, in anywise referring to appellant, and the reception of testimony regarding the search being in nowise dependent upon said search warrant, we are unable to perceive any injury to appellant in the overruling of his objections, and in allowing said search warrant to be introduced in evidence.

Complaint is made in several bills of exception of the fact that character witnesses for appellant, were asked on cross-examination by the State regarding their having heard of his possession of certain liquor in his pasture, and in reference to whether they had heard of cases against him in the Federal court for violations of the liquor law, etc. This court has always held it proper to permit cross-examination of character witnesses by the opposite party, when the question asked, if answered, would tend to affect the good faith or truth of the witnesses, or shed light upon their knowledge of the reputation of the person concerning whom they had testified. We perceive no error in any of the complaints regarding the reception of such testimony in this case.

There seems abundant testimony supporting the proposition that appellant arranged with Roderiquez to drive the truck in question from Laredo to Fort Worth, conveying a quantity of intoxicating liquor, and that appellant made the arrangements with the owner of the truck by which same could be obtained and driven by Roderiquez, also that appellant in a Buick coupe drove along the same road taken by Roderiquez, and that he was in frequent communication with Roderiquez between Laredo and the point of arrest. We deem the facts sufficient to support the verdict.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, Judge.—On the 31st day of October, 1928, an opinion was delivered granting appellant a rehearing and ordering a reversal based upon complaint directed at the argument of the assistant county attorney. All other questions urged in the motion for rehearing were decided against appellant's contention. The State has filed a motion for rehearing calling attention to the fact,—overlooked before—that no objection was urged to the argument at the time it was made, and that the trial court's attention was not called to the matter until a special charge relating to it was

requested. This has led us to the conclusion that we were in error granting the motion for rehearing, and the opinion delivered October 31, 1928, will be withdrawn and the present opinion substituted therefor.

Appellant devoted many pages of his motion for rehearing to complaints of various kinds regarding references during the trial to a second count in the indictment which charged "possession for the purpose of sale," which count passed out of the case upon a former trial. We think the correct principle is announced in Hooper v. State, 100 Tex. Cr. R. 147, 272 S. W. 493. The second count should have been omitted in reading the indictment to the jury, especially so upon appellant's request that it be so omitted; likewise there appears to have been no necessity or occasion for counsel referring to the charge contained in said second count. We do not deem these matters sufficiently serious to demand reversal. It would not be improper for the court to instruct the jury that the second count in the indictment was not to be considered.

Appellant complains because there was admitted in evidence a conversation between one Giddings and Martin, it being claimed by the state that the information obtained from Giddings furnished "probable cause" for the officers to search the truck regardless of the insufficiency of the affidavit and of the search warrant based thereon. When the facts claimed to constitute "probable cause" for search without warrant are undisputed it is a question of law for the court as to whether the facts constitute probable cause, and as such matter necessarily involves hearsay statements to the officer which may be injurious to accused these facts should be inquired into by the court in the jury's absence. If it becomes an issue whether facts existed which are claimed to constitute "probable cause" then the facts may be developed before the jury and the issue submitted to them under proper instructions. McPherson v. State, 300 S. W. 937. See also Dillon v. State, 2 S. W. (2d) 251 and authorities therein cited. The record in this case is voluminous and we may misapprehend it, but we understand from the explanation of the court appended to certain bills of exception that the details of the conversation between Giddings and Martin were first gone into by appellant on the cross-examination of the witness Martin, in which event appellant is in no position to complain.

We entertain no doubt of the correctness of the holding in our original opinion that appellant was in no position to complain of the search of the truck without a valid search warrant even if there had

been an absence of "probable cause" to justify such search without the warrant. Appellant was not personally in possession of the truck when it was searched. The right to complain because of an illegal search and seizure is a privilege personal to the wronged or injured party and is not available to anyone, else. Craft v. State, 107 Tex. Cr. R. 130, 295 S. W. 617 and authorities therein cited. Cases following Craft are Jenkins v. State, 299 S. W. 642; Laake v. State, 299 S. W. 643; Burnett v. State, 7 S. W. (2d) 548; McFarland v. State, 7 S. W. (2d) 955. Neither is there any question in our mind but that the information ,obtained by Martin from Giddings furnished "probable cause" for the search without a warrant. Battle v. State, 105 Tex. Cr. R. 568, 290 S. W. 762. See also Hardiway v. State, 2 S. W. (2d) 455. and cases therein cited.

The search warrant had no place in evidence before the jury. It was invalid on its face and based upon an invalid affidavit. As was said in our original opinion: "There appears nothing in said search warrant or in the affidavit upon which same was issued in any wise referring to appellant." Under these circumstances we think a reversal should not follow because of its introduction, but the recitals therein were hearsay. See McFarland v. State, 7 S. W. (2d) 955 and Broyles v. State, 7 S. W. (2d) 555.

Appellant calls attention to a matter which was not discussed in the original opinion. The point arose by reason of the refusal of a special charge, exception to which was noted on the charge itself. Being under twenty-five years of age, appellant had filed application' for suspended sentence. The special charge (number five) reflects the fact that the assistant county attorney said in argument: "I want to call to your attention that rarely in a court of justice have I ever seen a man apply for a suspended sentence when he was not guilty," and sought to have the jury told that they should not consider such statement. The record is bare of any suggestion that when the attorney made the remark complained of in said charge, objection was then made, or that the court was then requested to instruct the jury not to consider said remark. If such objection had been promptly made the refusal of the special charge would have been error. Bradley v. State, 72 Tex. Cr. R. 287, 162 S. W. 515; Mason v. State, 88 Tex. Cr. R. 642, 228 S. W. 952. If the complaint was here by bill ,of exceptions, we would hold it necessary that the surroundings, setting, time and circumstance of the making of the remark should be set forth. We are not apprised in any way as to how many arguments were made in the case, nor at what time in

the course of the argument said assistant county attorney spoke, nor what led to the making of the remark. These matters are left to conjecture. All we know from the record is that while the assistant county attorney was speaking—possibly to the court, possibly to the jury—he made the remark set out in the charge referred to, and further, that before the jury retired at the conclusion of the argument, the special charge under consideration was presented to the court and was then refused. With good reason this court has committed itself to the proposition that ordinarily objection to an argument must be made at the time same occurs, so that the attorney making it may, if he sees fit, withdraw or explain it; so that the antecedents, causes, surroundings, setting, etc., may be fresh in the minds both of the jury who heard it, the court before whom it was made, and the lawyer whose statement is attacked—to the end that the argument may be truly estimated or understood, or explained or withdrawn. Manifestly for an attorney to make a statement, possibly in reply to some suggestion of the other side, or in some discussion before the court, or under circumstances justifying or excusing same, but to which no objection is offered to the argument until the case is concluded, perhaps that day, or in many instances some later day, at a time when neither the court·nor the attorney can adequately recall or state the facts pertaining to the argument, or adequately explain or withdraw or modify same—is unfair and should not be tolerated. So in Sears v. State, 106 Texas Crim. Rep. 219, this court said:

"Unless objection to argument is called to the court's attention *at the time the objectionable statements are made,* they cannot ordinarily be taken advantage of by later complaints."

Harris v. State, 93 Tex. Cr. R. 544; Simmons v. State, 93 Tex. Cr. R. 421; Hicks v. State, 97 Tex. Cr. R. 373, and Ross v. State, 277 S. W. 667, are cited in support of the text. In Blackwell v. State, 107 Tex. Cr. R. 63, in holding that the bill complaining of the argument was not sufficient, we said:

"This bill further discloses that the court's attention was not called to the argument, nor any bill of exceptions taken thereto, *at the time it was made,* but that the court's attention was called to same after all the argument was over."

Smith v. State, 104 Tex. Cr. R. 616, is cited as well as the Simmons and Harris cases, supra. Tested by these rules, which seem also supported in reason, no error is manifested by the rejection of

the charge under consideration. We uniformly hold that a bill of exceptions to be sufficient must set out the facts and be so full within itself as to manifest the error complained of. While it is true that we have also held that a notation on a refused special charge by the trial court, of the fact that exception was then taken to the refusal to give same, that this justifies the appellate court in considering the question of the correctness vel non of such refusal, without the necessity for presenting the matter by a separate bill of exceptions—still we do not see where any greater advantage could arise or greater sanctity attach when the refusal of the charge appears only by notation thereon, than when same is brought up by proper bill of exceptions. It seems fair and sound to hold in either case that ordinarily we must be apprised in some legal way of the fact that objection was made when the argument was used.

In practically all instances the improper argument is to be measured in its effect not by its language alone but by the evidence and the result of the trial. Generally speaking, where the evidence supports the verdict and the latter does not suggest that it was influenced by passion or prejudice an improper argument is not ground for reversal. In the instant case the evidence is sufficient but the verdict being for more than the minimum we might feel called upon to reverse because of the argument complained of if the record showed objection thereto had been made in a timely manner and no correction had been made by the court or counsel. We are not to be understood from what has been said as asserting an absolute rule. Instances might arise in which remarks of counsel so grossly transgressed propriety and were so seriously harmful in their character as to force the conclusion that accused had not been awarded a fair trial. Under such circumstances justice might demand a consideration of the matter if called to the trial court's attention by a special charge in the absence of objection urged at the time the argument was made. We do not regard the incident here complained of as coming within such exception.

The opinion on rehearing delivered on October 31, 1928, is withdrawn, and the present opinion substituted therefor.

Appellant's motion for rehearing is overruled.

*Overruled.*

### ON APPLICATION FOR LEAVE TO FILE SECOND MOTION FOR REHEARING.

LATTIMORE, JUDGE.—This case was originally affirmed. Appellant filed his regular, full and complete motion for rehearing.

An opinion based in part upon failure to observe fully a contention made by the State,—was written by this court reversing the case, but later, our attention being called to the omission by the State, said opinion of reversal was withdrawn, and appellant's motion for rehearing was overruled. He now files an application and seeks to have us hold same as an original motion for rehearing. We must decline to so hold.

This application for leave to file a second motion for rehearing presents only the grounds set up in the original motion for rehearing and argues same at some greater length and more extensively. We cannot give consideration to same without being shown that our former opinion was based upon some misapprehension, or failure to consider some matter of gravity and serious enough to have called for a reversal. We believe that in our judgment of affirmance, and in our opinion overruling appellant's motion on rehearing, we fully considered all the matters of importance. So believing appellant's application for leave to file second motion for rehearing will be denied.

*Denied.*