CHARLIE DUNCAN v. THE STATE.

No. 12013. Delivered February 6, 1929.

The opinion states the case.

Binkley & Binkley of Graham, for appellant.

A. A. Dawson of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for possession of intoxicating liquor for the purpose of sale, punishment being one year in the penitentiary.

Two officers claimed to have seen appellant drive a car into a gin yard early in the night. Appellant was night watchman at the gin. The car did not belong to him. Jack Duncan owned the car. The officers reached the yard a short time after the car was driven in and testified that appellant was in the car and Mack Reeves standing beside it when they arrived. When the officers started to search the car appellant threw a half gallon judge of whisky out and broke it. Another half gallon of whisky was found in a tool box in the back seat. Appellant and the officers became involved in a difficulty, the evidence being conflicting whether they or appellant struck the first blow. After arresting appellant the officers placed him in their car and when they started away he jumped out, ran and was shot by one of the officers, who claimed that he was not trying to hit appellant but was only shooting to stop him and that the bullet glanced from the ground and accidentally hit him. Appellant explained his effort to escape on the ground that the officers had already "beaten him up." One of the officers testified that when he asked appellant what he had in the car he said "Nothing," and the other officer's evidence was that appellant said he had "some whisky to drink." We quote from appellant's testimony as follows: "I was the night watchman at the Webb Gin Company. I went to work a few minutes after six o'clock on the evening in question. I did not leave the premises after I went to work. I remember the occasion of the officers coming down there. * * * That car did not belong to me, neither did that whisky, neither did I drive the car up there. The first I knew of the car being there was a few minutes before they drove up. Mr. Reeves was in the car when they drove up there, and I was in the car with him. Mr. Reeves was sitting in the car with me when they drove up. As to what happened when they drove up there, Mr. Anderson was at the rear and Mr. Langford was at the front of the car, and Mr. Anderson says 'I want to

look that car over;' I got out of the car. I looked down on the floor of the car when I got out; there was something there, I don't know whether it was whisky of not, I didn't taste of it; anyway, I didn't want my brother to get in trouble or anything, it was his car, so I just pitched it out on the scales, and Mr. Langford hit me over the head with his gun, then Mr. Anderson run up and hit me two or three times, and that was about all the words that was said. * * * That whiskey did not belong to me, neither did the car. I first learned that the car was there when I come from the engine room from filling up the boiler. Mack Reeves was there then. I walked into the office to get my clothes,—to change my clothes and go to work upstairs, and Mack says, 'What's your hurry,' he was sitting in the car. I says, 'Not much of any;' I opened the door of the car and set down by him and it wasn't but a few minutes until they arrived. Mack Reeves is not present today, although I made an effort to get him here."

We have set out the testimony in some detail in order to make clear the issues which were sharply drawn in order that appellant's complaint based on the court's action in denying his application for continuance might be appraised. The continuance was sought because of the absence of Mack Reeves. The diligence to secure his presence seems to have been sufficient and was not controverted. It is averred in the application that if said Reeves were present he would testify that he was sitting in the car with appellant at the time of the arrest; that when witness went to appellant's office he was there on duty and that appellant and witness went out and sat down in the car and were talking at the time the officers arrived; that the car was not the property of appellant and that he did not drive the car to the gin; that witness did not know who drove the car there; that when the officers arrived appellant got out of the car and told them it was not his and that he had nothing to do with it. The testimony both for appellant and the state placed Reeves upon the scene and he appears to be the only witness by whom appellant could support his own testimony. In his charge the court presented the defensive issue raised by appellant's testimony but the jury was deprived of Reeves' testimony in passing upon such issue. The materiality of his evidence is not open to question. We must hold that the learned trial judge fell into error in denying a continuance. After the issues were clearly drawn upon the trial the importance of the testimony expected from the absent witness became apparent and a new trial should have been granted.

The objection that the testimony of the officers should not have been received because they had no search warrant passed out of the case for two reasons. First, because appellant admitted in his own evidence the presence of the whiskey in the car. McLaughlin v. State, 4 S. W. (2d) 54; Sifuentes v. State, 5 S. W. (2d) 144; Hood v. State, 10 S. W. (2d) 94; Pence v. State, 9 S. W. (2d) 348; Sherrow v. State, 9 S. W. (2d) 353; Bevers v. State, 9 S. W. (2d) 1040. Second; because the car did not belong to appellant and no right of his was invaded by the search. Craft v. State, 107 Tex. Cr. R. 130, 295 S. W. 617; Haynes v. State, 9 S. W. (2d) 1043, and cases therein referred to.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*