## M. A. WRIGHT v. THE STATE.

No. 13171. Delivered February 26, 1930.
Rehearing denied April 2, 1930.
Reported in 26 S. W. (2d) 236.

The opinion states the case.

*Earle Adams, Jr.,* and *Berry, Berry & Smith,* all of Houston, for appellant.

*O'Brien Stevens* of Houston, Crim. Dist. Atty., and *A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment confinement in the penitentiary for five years.

The homicide occurred at a place where appellant and Donald Swank had parked their cars. Appellant and deceased exchanged some angry words. According to the state's testimony, appellant had a pistol in his hand at the time. Deceased was unarmed. During the angry exchange of words appellant shot deceased. Appellant testified that deceased hit him with his fist, and that he shot deceased because he believed deceased was going to kill him. We deem it unnecessary to set out the evidence in further detail.

As disclosed by bill of exception No. 1, appellant offered to prove by his witness, Mamie Sorrells, that about thirty minutes after the homicide appellant stated to the witness at her home that he was "sorry that he had to do the killing, but that it was dark and deceased struck him and he believed that deceased was fixing to kill him at the time he shot deceased." The state's objection to the testimony was sustained. The court qualified the bill of exception as follows: "The defendant had proved by this witness earlier in her testimony, without objection, that immediately after Swank, the deceased, had left the place; that is, had been carried away from the premises, and before defendant left the premises and returned, the defendant said 'I am certainly sorry this happened, but I had to do it,' and when the question was asked this witness as to what defendant said when he returned, and which was sustained by the court, and about which this exception was taken, there was nothing to show in the evidence defendant's condition mentally or physically and the witness testified he, the defendant, had gone for a ride with Mrs. Wilshire for thirty minutes—'about a half hour or something like that—may be not that long—may be a little bit longer,' as testified by the witness, and nothing was shown in the evidence

as to who he had seen while away or to just where he had gone on this ride with Mrs. Wilshire; therefore the court was of the opinion it was not res gestae."

We are of the opinion that the bill of exception fails to manifest error. Appellant left the place of the homicide in an automobile with Mrs. Wilshire for the purpose of taking a drive. They drove for approximately thirty minutes before they returned to the home of the witness. In the meantime deceased, who was still alive, had been moved to the hospital. There is nothing to show that the statement was spontaneous. It was incumbent upon appellant to show not only the proximity of time and place but such circumstances as disclosed the spontaneity of the statement. Butler vs. State, 109 Tex. Cr. R. 113. We quote from Branch's Annotated Penal Code of Texas, Section 84, as follows:

"If the statement of defendant is disconnected from the main transaction, and appears to be the statement or relation of how it occurred, there being a break or let-down in the continuity of the transaction and the statements lacking the essential characteristic of instinctiveness, it is not admissible as part of the res gestae. Time is not the sole test."

Among the cases cited in support of the text are Pharr vs. State, 10 Tex. Cr. Apps. 487; Brown vs. State, 44 S. W. 174.

Over proper objection, the state proved on cross-examination of appellant that he had frequently gone to the home of Mrs. Sorrells to visit her daughter and that at such time appellant was a married man. The court qualifies the bill of exception (No. 2) as follows: "Two defense witnesses, Mrs. Wilshire and Mrs. Sorrells, had both testified, without objection, that the defendant had been going to the house of Mrs. Sorrells and visiting the married daughter of Mrs. Sorrells and that he at the time was a married man and that he had been frequently going to said house to see said married woman over a period of eight months or a year and the defendant's wife, introduced by defendant, testified the defendant was a married man during said time." The same testimony being before the jury from other sources without objection, reversible error is not presented.

No other questions are presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Each of the two bills of exception appearing in this record are qualified by the court, which qualifications were accepted by the accused without complaint, and each of which is binding upon us. Manifestly without some showing in the bill of exception complaining of a statement made by appellant a half hour after the fatal difficulty, and after he had been out riding, would not necessarily be under such circumstances as to make it receivable as res gestae. The trial court heard the testimony and had the witnesses before him, and rejected the testimony, saying as an explanation that it was not res gestae. We see no reason for thinking his ruling any abuse of his discretion. Certainly under many decisions of this court the second bill of exception presents no error. The testimony objected to had been placed before the jury without objection from two other witnesses. Duncan v. State, 111 Texas Crim. Rep. 633.

The motion for rehearing will be overruled.

*Overruled.*