JOSE RODRIGUEZ v. THE STATE.

No. 19811.   Delivered June 8, 1938.

The opinion states the case.

*Robt. P. Brown* and *Glenn R. Lewis,* both of San Angelo, for appellant.

*O. C. Fisher,* District Attorney, of San Angelo, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is assault with intent to murder; the punishment, confinement in the penitentiary for seven years.

The assault occurred on the 17th of April, 1937, in appellant's beer tavern. The testimony on the part of the State was, in substance, as follows: Alfredo Martinez had gone into the tavern apparently in an intoxicated condition. As he was standing near the bar one Estrada engaged in an argument with a woman. When he slapped the woman Martinez challenged him "to pick on a man instead of a woman." Martinez and Estrada then exchanged several blows but were finally separated. Appellant was one of those who separated the parties and he ordered Martinez out of his place, telling him that he would sell him no more beer. At this time appellant had a knife open, and cursed and abused Martinez. Martinez failed to leave the tavern, and appellant came from behind the bar with the open knife in his hand. Without provocation, he began cutting and stabbing Martinez with the knife. Martinez was unarmed. The wounds inflicted by appellant on the injured party were serious.

It was the version of appellant and his witnesses that he acted in self-defense when he inflicted the wounds on Martinez.

The first bill of exception relates to the refusal of the court to permit appellant to introduce in evidence a pardon after it had been shown by the State that he had theretofore been convicted of perjury. The bill discloses that the State proved that appellant had been pardoned and further that appellant's proof that his rights of citizenship had been restored was uncontroverted. We think the bill fails to reflect reversible error.

Bills of exception Nos. 2 to 6, both inclusive, relate to alleged improper argument on the part of the district attorney. Said bills show that counsel for appellant failed to make open

objection to the remarks of the district attorney at the time they were made. This being true, we are constrained to hold that the bills fail to present reversible error. Glasser v. State, 233 S. W. 972; Salinas v. State, 18 S. W. (2d) 663.

In his motion for new trial appellant set up newly discovered evidence. We deem it unnecessary to set forth the testimony alleged to be newly discovered. Suffice it to say that we are of opinion that no abuse of discretion on the part of the trial judge is shown in overruling the motion.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Crimnial Appeals and approved by the Court.