## FLOYD DAVIS V. THE STATE.

No. 22222. Delivered October 28, 1942.
Rehearing Denied (Without Written Opinion) November 25, 1942.

The opinion states the case.

*Jimmie Cunningham,* of Lubbock, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for possessing for sale intoxicating liquor in Young County, a dry area; punishment being a fine of $150.00.

Officers secured a search warrant authorizing a search for alcoholic beverages of the premises of Frank Crutchfield, including a rock filling station. Upon making the search nothing was found on the premises described. Appellant was working for Crutchfield at the filling station servicing cars. The officers left after the search, apparently abandoning the effort to find any contraband liquor. One of the officers returned in a short time and secreted himself where he could watch the filling

station. Cars would drive up to the station and appellant would leave the station and go into a pasture, sometimes to one place and again to another place. On some trips he would get a bottle of whisky, and on others a bottle of beer. When appellant would return to the station the cars would drive away. After watching appellant make several of these trips the officer went to the places where he had seen appellant go, and at one point he found five pints of whisky, and at the other found thirteen cans of ice-cold beer in a water can. The liquor mentioned was not on the Crutchfield premises, nor on any premises described in the search warrant.

Appellant objected to the evidence of the officer regarding the movements of appellant and finding the beer and whisky upon various grounds, one being that the place where it was found was not described in the search warrant. This objection is apparently predicated upon the idea that the liquor was found as a result of a search under the warrant. The trial court states in his explanation to one of the bills of exception that the liquor was found in "an open pasture" some two hundred yards from the filling station. The liquor was discovered not by reason of the search warrant, but by reason of the officers' observation. The record fails to show to whom the "pasture" belonged. Appellant was in no position under the evidence to claim any invasion of his rights. Craft v. State, 107 Tex. Cr. R. 130, 295 S. W. 617; Duncan v. State, 111 Tex. Cr. R. 633, 13 S. W. (2d) 703; Salinas v. State, 113 Tex. Cr. R. 142, 18 S. W. (2d) 663.

Another objection urged against the evidence of the officer was that appellant was not named in the search warrant. A complete answer to that objection is that the officer was not acting under the warrant.

The further objection that the discovery of the liquor was not upon probable cause seems directly overcome by testimony of the officer as to the things he saw preceding the finding of the whisky and beer.

The judgment is affirmed.