### SPENCER DOZIER V. THE STATE.

No. 10490.   Delivered December 15, 1926.

**1.—Theft of Cattle—Evidence—Held Admissible.**

Where appellant was on trial charged with theft of cattle there was no error in permitting the state to prove that the head, entrails, feet, etc., of the missing animal were found buried in a pasture owned by appellant's mother, because parties finding the head, etc., had no search warrant.

**2.—Same—Confession of Accused—While Under Arrest—Inadmissible.**

Where a conversation occurring between appellant and the officer who arrested him, at the time of the arrest, was admitted in evidence, it appearing that the officer indicated his purpose to arrest him before said conversation was concluded, such confessions under all of the authorities should not have been admitted over appellant's objection.   Following Roberts v. State, 91 Tex. Crim. Rep. 493, and other cases cited.

**3.—Same—Confession of Accused—Improperly Admitted.**

Where the appellant had made a written confession, that part of same which stated, "I do not care to say what I did with the hide," should not have been admitted.   A refusal of appellant to disclose a fact cannot be regarded as a "confession."   To hold otherwise would be to abrogate the rule that silence or refusal to talk, or the denial of one accused of crime, may not be proven against him.

Appeal from the District Court of Haskell County.   Tried below before the Hon. Bruce W. Bryant, Judge.

Appeal from a conviction for theft of cattle, penalty two years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in District Court of Haskell County of theft of cattle, punishment two years in the penitentiary.

Mr. Singleton placed a heifer in a pasture belonging to appellant's mother, to breed her to a male therein.   Appellant killed

her that night and peddled out the beef the next morning.  He claimed that he thought she was a heifer belonging to his mother and that his mother had consented for him to kill an animal belonging to herself and peddle it out for beef.  The pasture contained something over 500 acres.

There are a number of bills of exception reserved to argument of the district attorney, but in view of our disposition of the case, and the likelihood that such argument will not appear upon another trial, we do not discuss same.

We are not in accord with appellant's complaint at the admission of the testimony of the finding of the head, entrails, feet, etc., of the animal in the pasture referred to, the objection being that the parties finding said head, etc., had no search warrant. The pasture belonged to appellant's mother and was under her control.

By his bill of exception No. 5 appellant complains that Deputy Sheriff Richards was permitted to testify that after finding the buried head of the alleged stolen animal, the entrails, etc., in the pasture of appellant's mother, and knowing that appellant had peddled out beef the day before, he suspected appellant and drove down to his mother's home, saw appellant in the cotton patch and motioned to him to come out there; when appellant came to the car the following conversation took place, as revealed by the bill of exception:

"I says: 'Buster, what did you do with the hide?'  He says: 'I sold it.'  I says: 'Whereabouts?'  He says: 'At Knox City or Rochester,' and I says: 'Aw, now, you didn't.'  I says, 'What did you do with the head?'  He said, 'It's over there.' . I says, 'What did you boys want to bury that head for?'  He says, 'I don't know.'  I says, 'Buster, I expect you boys got yourselves in trouble over that.'  I says, 'Did you know that was Mr. Singleton's yearling?'  He says, 'I don't know.'  I says, 'I expect you better come and go with me to Haskell.'  Then is when I arrested him right there, and he got his cap and we went on down and got Mr. Newgrove and after I got them in the car I warned them, I says, 'You boys—.' "

It was admitted that at the time appellant was unwarned, that said statement was not reduced to writing or signed; also that appellant knew Mr. Richards was deputy sheriff, and that immediately at the conclusion of the statement said officer formally arrested appellant.  We deem it unnecessary that it appear in evidence, in so many words, that appellant knew he was suspected of crime at the time he made the statement but the officer very nearly so stated when he said to appellant:  "Buster. I

expect you boys got yourselves in trouble over that," immediately after which statement Richards asked appellant: "Did you know that was Mr. Singleton's yearling?" to which appellant replied, "I don't know." We think the conclusion irresistible that Richards would not have let appellant escape after the first admission made by the latter to the effect that he had sold the hide of the heifer in question at Knox City or Rochester. Under all of our authorities the statement appears to us to have been inadmissible. Roberts v. State, 91 Texas Crim. Rep. 493; Willoughby v. State, 87 Texas Crim. Rep. 40; Parham v. State, 87 Texas Crim. Rep. 454; Decherd v. State, 88 Texas Crim. Rep. 132; Campbell v. State, 89 Texas Crim. Rep. 243; Stanton v. State, 94 Texas Crim. Rep. 366; Little v. State, 100 Texas Crim. Rep. 167.

Nor do we think the court below should have admitted in evidence the concluding paragraph in the alleged written confession of appellant taken by the county attorney, which concluding statement is as follows: "I do not care to say what I did with the hide." This expression was not in any sense a voluntary confession but the contrary. Suppose, after the state's attorney had warned appellant, the latter had then said in writing or orally: "I refuse to divulge any of the facts," or "I decline to say whether I killed this animal, or stole this heifer," etc., etc. Could it be contended that such denials could be introduced against him under the guise of being a confession? We think not. If appellant refused to tell where the head was, or the feet were, or what he did with the hide, etc., these refusals were not admissible if he was under arrest, and that they were written down and signed by appellant does not make them admissible as confessions, in our opinion. To hold otherwise would be to abrogate the rule that silence or refusal to talk, or the oral or written denials of one accused of crime when under arrest, may not be proven against him.

For the errors above mentioned the judgment is reversed and the cause remanded.

*Reversed and remanded.*