## GUY MCFARLAN V. THE STATE.

No. 10738.   Delivered March 23, 1927.

**1.—Possessing Intoxicating Liquor—Evidence—Properly Admitted.**

Where, on a trial for possessing intoxicating liquor for the purpose of sale, there was no error in permitting the state to prove that in the barn where two gallons of whiskey, which was claimed by the state to be in the possession of appellant, were found, there was also found several barrels of mash, and complete equipment for manufacturing intoxicating liquor. This testimony was admissible as tending to show that the possession of the whiskey found was for the purpose of sale.   See Ferguson v. State, 255 S. W. 749; Webb v. State, 272 S. W. 461.

**2.—Same—Search and Seizure—Of Another's Premises—Evidence Admissible.**

Where the premises of one Cowser were searched, under a search warrant, the appellant's contention that he was not bound by the search, there being no warrant to search his, appellant's, premises, cannot be supported. The right to complain because of an illegal search and seizure is a privilege personal to the wronged or injured party, and is not available to anyone else.   See Cornelius on Search and Seizure, Sec. 12, p. 62.   McDaniel v. U. S. Fed. 769, and other cases cited.

**3.—Same—Evidence—Harmless Error.**

Where the state was permitted to prove that while appellant was under arrest he told the sheriff that he lived with Roy Cowser, although improperly admitted, under the facts in this case, it would not be such error as to require a reversal of the case.   See Art. 727, Vernon's C. C. P., and authorities there collated.

**4.—Same—Bill of Exception—Incomplete—Presents No Error.**

Where appellant complains of the refusal of the court to permit him to show that he was not in any manner connected with the mash, still and equipment found in the old house where he was arrested, and his bill fails to set out the rejected testimony, but merely states the conclusion, same is incomplete and shows no error.

**5.— Same — Charge of Court — On Circumstantial Evidence — Improperly Omitted.**

Where there was no direct evidence that the whiskey found in the barn of Cowser was placed there by appellant, or was in his possession, but his possession was left to inference from other facts introduced in evidence by the state, it was error for the trial court to fail to charge on the law of circumstantial evidence.   See Kinslow v. State, 272 S. W. 468, and other cases cited.

Appeal from the District Court of Hopkins County.   Tried below before the Hon. J. M. Melson, Judge.

Appeal from a conviction for possessing intoxicating liquor for the purpose of sale, penalty one year in the penitentiary.

The opinion states the case.

*Ramey & Davidson* of Sulphur Springs, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of unlawfully possessing intoxicating liquor for the purpose of sale, and his punishment assessed at one year in the penitentiary.

It was the contention of the state, and evidence was introduced to that effect, that the appellant possessed about two gallons of whiskey which was stored in a barn on the premises of one Roy Cowser and which was discovered and seized by the sheriff, Smith, about the time alleged in the indictment. The record discloses that on the night preceding the discovery and seizure of said whiskey by the sheriff, the state's witness Sustair, while in company with appellant's brother, overtook appellant on the road and was asked by appellant if he wanted "a drink," which the witness declined; that appellant's brother got out of the witness' car, went over to appellant's car, got a jug and took a drink, but that the witness Sustair did not know what was in the jug; and that from this point the parties drove to the home of Cowser, and there the witness Sustair saw appellant take a towsack and a jug out of his car and go in the direction of the barn on Cowser's premises. The appellant failed to testify in his own behalf; he entered a plea of not guilty, filed a plea for suspended sentence, and introduced evidence thereon.

There are four bills of exception in the record. Bill No. 1 complains of the action of the court in permitting the state to prove by the sheriff, Smith, that he arrested appellant on the night of the alleged offense at an old house south of Roy Cowser's home, while appellant and Cowser were working at planks in the loft of said house, and that he found in said house some barrels of mash, a furnace, worm, still and other equipment used in the manufacture of intoxicating liquor. The appellant contends that the admission of this testimony was error in that the state was proving another and extraneous offense in no manner connected with the offense for which he was on trial. We are unable to agree with this contention. Since the appellant was charged with the possession of intoxicating liquor for the purpose of sale, we think this evidence was admissible as tending to show that the alleged whiskey was in his possession for that purpose. Ferguson v. State, 255 S. W. 749; Webb v. State, 272 S. W. 461.

Bill No. 3 complains of the action of the court in permitting the sheriff, Smith, to testify, over appellant's objection, that he

found in Roy Cowser's barn a jug and some jars containing whiskey, and that at said time he had a search warrant authorizing him to search said premises and seize said whiskey. The appellant contends that the admission of this testimony was error in that said search warrant only authorized the sheriff to search the premises of Roy Cowser and not any premises of the appellant, and that the evidence discovered in searching Cowser's premises could not be used against appellant because the officers had no search warrant as to him and said search was therefore illegal so far as he was concerned. The appellant's contention in this respect is untenable. If the sheriff was authorized to search the premises of Roy Cowser and there found and seized the whiskey in question, which belonged to appellant, then the appellant is not in a position to invoke the protection of the law relative to search warrants, as applied to himself. Only Cowser could urge this objection or defense. Cornelius on Search and Seizure, Sec. 12, p. 62, states:

"The right to complain because of an illegal search and seizure is a privilege personal to the wronged or injured party, and is not available to anyone else," citing McDaniel v. U. S. 294 Fed. 769; Essgee Co. v. U. S., 262 U. S. 151, 67 L. Ed. 917, and other authorities. Also see Dozier v. State, 289 S. W. 45.

Bill No. 5 complains of the action of the court in permitting the sheriff, Smith, to testify, over appellant's objection, that after he had placed the appellant in jail, appellant informed him that he lived with Roy Cowser. Appellant objected to this testimony because he was under arrest and in jail at said time, and because he had not been warned and said statement reduced to writing. We are of the opinion that the learned trial judge fell into error in admitting this testimony over appellant's objection, but that under the facts of this case it would probably not be such an error as to require a reversal of the case. See Art. 727, Vernon's C. C. P., and authorities there collated.

Bill No. 6 complains of the refusal of the court to permit appellant to introduce testimony showing and tending to show that he was not connected in any manner with the mash, still and equipment found by the sheriff in the old house where appellant was arrested. This bill fails to set out the rejected testimony, but merely states the conclusions and opinions of the appellant. For that reason, this court is unable to ascertain whether or not said proffered testimony was in rebuttal of the state's testimony. This bill, as presented, shows no error.

The appellant strenuously insists that the court erred in refusing to charge the law of circumstantial evidence, after appellant

had objected to the general charge because of such failure and after appellant had presented a special charge requesting the submission of this issue to the jury. There was no positive testimony introduced by the state showing that the appellant had whiskey in his car at the time when the witness Sustair saw appellant's brother drink from a jug, and there was no postive testimony showing that the whiskey found in the barn of Roy Cowser was placed there by appellant or that he possessed same. These potent facts were left to inference from the other testimony introduced by the state, as mentioned above. We think this issue was clearly raised by the testimony, and that the learned trial judge erred in refusing to charge the law thereon. Kinslow v. State, 272 S. W. 468; Thomas v. State, 279 S. W. 448; Berry v. State, 282 S. W. 594; Chew v. State, 284 S. W. 559.

For the error above discussed, the judgment of the trial court is reversed and remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.