### CLYDE HUDSON V. THE STATE.

No. 10965.    Delivered June 22, 1927.

**1.—Burglary—Search and Seizure Law—Not Available to Appellant.**

Where appellant complains of the admission of the testimony of two officers of the finding of a trunk in the house of one Mr. Presnall and of the contents of said trunk, because of no search warrant authorizing such search the premises entered not belonging to nor under the control of appellant, nor of his co-defendant, he could not avail himself of the search and seizure statute.

**2.—Same—Evidence—Harmless If Error.**

Where appellant complains of the admission of certain testimony, and the record discloses that the same facts were testified to on the trial by other witnesses, without objection by appellant, no injurious error is shown.

**3.—Same—Suspended Sentence—General Reputation—Rule Stated.**

Where appellant had made an application for a suspended sentence, it was error for the court to restrict his evidence of his good reputation up to the time that the offense was alleged to have been committed.   He should have been permitted to prove such reputation up to the date of trial.   Following Mason v. State, 90 Tex. Crim. Rep. 560, and Boyer v. State, 96 Tex. Crim. Rep. 310.

Appeal from the District Court of Stephens County.   Tried below before the Hon. C. O. Hamlin, Judge.

Appeal from a conviction for burglary, penalty two years in the penitentiary.

The opinion states the case.

*Saunders & Bounds* of Breckenridge, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of burglary, and his punishment assessed at two years in the penitentiary.

The record discloses that the appellant was jointly indicted with one Lono Lee for burglarizing a store and taking therefrom money, clothes and merchandise, and that, upon motion for severance, the appellant was tried separately.

The record contains six bills of exception.

In bill No. 1 complaint is made to the action of the court in permitting the state to prove by A. J. Carey and Chief of Police F. T. Anderson that they entered a house in the possession of and belonging to a Mr. Presnall and went into a certain room occupied by three young men, neither of whom was appellant nor his co-indictee Lee, and there seized a certain trunk which, upon examination, was found to contain a quantity of dry goods. The objection urged to this testimony was the state's witnesses did not have a search warrant authorizing the search of said house and trunk. This bill is qualified by the court to the effect that a young man, whose name is not disclosed, invited the state's witnesses into the room where the trunk was found. This bill, as presented, shows no error, since the bill discloses that the house belonged to Presnall, and there is nothing to show that the trunk in question belonged to appellant. Under such circumstances, the appellant is not in a position to invoke the law relative to search and seizure. Dozier v. State, 289 S. W. 45; McFarlan v. State, 292 S. W. 885.

Bill No. 2 complains of the action of the court in permitting the state's witness Carey to testify to finding a pair of trousers and a six-shooter in appellant's automobile, the contention being that the admission of the testimony relative to the six-shooter was prejudicial. The court qualifies this bill by stating that the deputy sheriff, Deason, had testified to practically the same facts without objection upon the part of appellant. Under such circumstances, the admission of the testimony complained of, if error, became harmless.

Bill No. 3 complains of the action of the court in refusing to permit appellant to prove by the deputy sheriff, Crenshaw, and other witnesses that his general reputation was good at the time of the trial. It appears from this bill that after the appellant had introduced one witness on this issue, the County Attorney, representing the state, admitted the appellant's general reputation was good up to the time when he was charged with the commission of the instant offense, and that he had never been convicted of a felony. The court, upon hearing this admission refused to permit appellant to show by the remaining witnesses that this general reputation was good at the time of the trial. It is apparent from the bill and the court's qualification thereto

that both the trial judge and the County Attorney were of the opinion that the appellant's general reputation should be limited to the date of the offense charged against him. In this, they were in error. In a case of this kind, where the suspended sentence law is applicable and a suspended sentence is applied for, as was done in this case, the rule is well established by the decisions of this court that it is proper to inquire into the general reputation of the defendant up to the date of the trial, and that such inquiry should not be limited to the date of the offense. Eason v. State, 90 Tex. Crim. Rep. 560, 236 S. W. 93; Bayer v. State, 96 Tex. Crim. Rep. 310, 257 S. W. 242.

Bills 4, 5 and 6 complain of the argument of the state's attorneys, but in view of the disposition we have made of this case and the likelihood that the same questions will not be raised upon another trial, it becomes unnecessary to discuss these bills of exception.

For the error above discussed, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.