## W. H. Stanger v. The State.

No. 10935.  Delivered October 5, 1927.

1.—Establishing a Lottery—Evidence—Held Sufficient.

Where a punch board, so arranged that players punching numbers out of it, are rewarded with prizes of different value, depending upon the number punched, such punch board was a scheme for the distribution of prizes by chance, and under our statute is a lottery. See Queen v. State, 246 S. W. 384 and authorities cited.

Appeal from a conviction in the County Court of Howard County. Tried below before the Hon. H. R. Debenport, Judge.

Appeal for a convection for establishing a lottery, penalty a fine of $100.00.

The opinion states the case.

*Cunninghams*, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is establishing a lottery, the punishment a fine of one hundred dollars.

In the state of the record, we can only consider the question of the sufficiency of the evidence.

Appellant exhibited in his place of business a punch board having holes in it containing strips of paper which were rolled up. The strips of paper were punched out with an iron key. Printed on these strips were various baseball terms, as: "First Base Hit," "Two-Base Hit," "Three-Base Hit," "Home Run," "Strike Out," "Out at First Base," etc. This was not visible until after they were punched. If the person patronizing the machine punched a strip of paper calling for "Strike Out," he got nothing except a piece of chewing gum worth five cents; if he punched a "First Base Hit," he got a piece of gum and twenty-five cents; a "Two-Base Hit," won a piece of gum and fifty cents; a "Three-Base Hit," a piece of gum and seventy-five cents; and a "Home Run," a piece of gum and one dollar. The price of each punch was five cents. The chewing gum was kept in a box near the board. Appellant testified that he paid five or six dollars for the gum, and that the punch board went with the gum. The evidence shows that several parties punched the board. It further shows that one person punched the board eighteen or twenty times and won fifty cents, but that he received nothing as he took his winnings out in additional punches. Another person punched the board once and received twenty-five cents worth of candy.

The evidence is sufficient to sustain a conviction for establishing a lottery.

Art. 654 P. C. provides: "If any person shall establish a lottery or dispose of any estate, real or personal, by lottery, he shall be fined not less than one hundred nor more than one thousand dollars * * * * * * *"

It is clearly shown by the evidence that the punch board was a scheme for the distribution of prizes, and that appellant estab-

lished the board in his place of business. It seems that any scheme for the distribution of prizes by chance under our statute, is held to be a lottery. See Queen v. State, 246 S. W. 384, and authorities cited.

The evidence being sufficient to sustain the judgment of conviction, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.