## Domingo Riviera v. The State.

No. 14336.   Delivered June 10, 1931.
Rehearing Denied October 21, 1931.

The opinion states the case.

*L. D. Stroud,* of Beeville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale; punishment, three years in the penitentiary.

The indictment in this case contained two counts, the second of which was submitted in the charge of the court.  The state relied chiefly upon the testimony of Mrs. Cano, who swore that appellant brought a quantity of whisky to the home of witness.  Same was brought up in a barrel.  She affirmed that her husband had nothing to do with the whisky.  The state offered the woman's husband as a witness, but he refused to testify, claiming his privilege.  The testimony of the woman sufficiently made out a case against appellant.  There are other circumstances in the record indicating guilt.  Appellant took the stand and denied substantially the testimony of Mrs. Cano.  The reconciliation of the testimony is a question for the jury.

Bill of exception No. 1 is lengthy, and is qualified by the trial judge. As we understand said bill, it complains of the refusal of the court to submit the case upon the theory of circumstantial evidence. This is the substance of the recitations of the bill. In our opinion the case is not one on circumstantial evidence, and the learned trial judge did not err in this regard.

There is complaint of argument of the district attorney. Without stating same at length, we are of opinion that on the facts testified to by Mrs. Cano the district attorney was justified in making said argument. This bill is also qualified by the trial judge.

There is a complaint directed at the validity of the search made of the premises of Cano by the officers. It is sufficient to say that since Cano is not upon trial, and it does not appear that the premises searched by the officers belonged to appellant, he is without right under the authorities to complain of the supposed invalidity of the search. McFarlin v. State, 106 Texas Crim. Rep., 384. The evidence seems to justify the verdict, and the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—A summary of the testimony, as understood by the writer, is as follows: Upon a search of the dwelling of Albino Cano, situated in Beeville, officers found and seized six ten-gallon kegs containing an aggregate of fifty-two gallons of whisky. The house belonged to Teodoro Maldonado but was the residence of Albino Cano. He and his wife had formerly lived at the Vance place, about four or five miles from Beeville. Cano testified in behalf of the state that while they lived at the Vance place the appellant brought there a jug which Cano was unable to identify its contents as whisky. Cano's wife testified that the appellant brought to the Vance place a barrel of whisky but from her testimony it is manifest that her statement that it was whisky was not from knowledge but from inferences or conclusions. Cano's wife also testified that after she and her husband moved to Beeville and occupied Maldonado's house, Riviera came there two or three times to take out whisky which he had stored there. The whisky was in barrels and Riviera brought the barrels there. She said:

"I think the officers *taken* those barrels away from the house. There were three or four or five, I guess. * * * Domingo Riviera came and got that barrel that he had left out at the house on the ranch, but I do not know where he took it to. He brought the barrels to Teodoro's house—two at one time and four at another. The officers got the six barrels that he brought there."

The officers who made the search testified that the containers and kegs contained fifty-two gallons of whisky.

Cano declined to reveal his connection with the whisky under the advice of his attorney. He stated that the whisky obtained at his house did not belong to him, but refused to disclose its owner, saying:

"I don't know exactly who it belonged to. I don't believe I can answer your question as to who brought that there. I don't want to answer it."

There is evidence showing circumstances in the case which it is not necessary to relate. The testimony of Mrs. Cano apparently shows that the appellant brought to the home of Cano and his wife at the Maldonado house in Beeville six kegs—two at one time and four at another—which, while at the home of Cano were seized and shown by the officers to contain whisky.

In submitting the case to the jury the court charged on the law of principles, instructing the jury in appropriate language that if Cano and the appellant were acting together in the possession for sale of the liquor seized at Cano's house, that he would be a principal offender. The evidence that he conveyed the kegs which were found to contain the whisky to Cano's house is direct. That Cano was aware of their presence there is likewise direct. That the kegs seized were identical with those brought to Cano's house by the appellant was shown by direct testimony, as the record is understood, and the fact that the kegs contained whisky was proved by the officers. Upon the facts in the record, it is thought that the trial judge did no violence to the law in refusing to instruct the jury that to convict the accused the state relied upon circumstantial evidence alone.

The motion is overruled.

*Overruled.*