## MOORE v. ADAMS.
### No. 4496.

Court of Civil Appeals of Texas. Amarillo.
Nov. 11, 1935.

Rehearing Denied March 9, 1936.

H. H. Cooper, of Amarillo, for plaintiff in error.

R. A. Wilson and Anderson & Seay, all of Amarillo, for defendant in error.

JACKSON, Justice.

C. F. Moore, a resident of Potter county, in the early part of January, 1934, owned certain implements alleged by him to be "vending machines and devices," which, to be operated, he placed in different business houses, drug stores, hotels,

domino parlors, and pool halls, all of which were public places in the city of Amarillo.

The proprietor of each of these places kept and exhibited one or more of such machines or devices in his place of business so any one could play and operate any of the machines if he so desired.

The penny machines had a slot marked "one cent." In this slot the player inserted a penny, pulled a lever which caused certain wheels to revolve, and, after a few revolutions, to stop. If they stopped on certain combinations shown on the face of the machine, the player got a certain number of chips or tokens. If they stopped on another combination, he received a different number of chips or tokens, varying from one to ten, unless he got the "jackpot," in which event he could receive as high as fifty chips or tokens, and the number of chips received on any play was a matter of chance. The player got no merchandise and did not always get chips, but each penny chip received could be exchanged to the proprietor of the place for a penny's worth of merchandise, or it could be replayed in the machine.

There was a device attached to the machines designed to pay a block of gum when a penny was dropped in the slot and the machine operated, but these devices were locked and did not work. Some were 5-cent machines and had a device which was designed to pay a 5-cent pack of mints. To operate these the player dropped a nickel in the slot and pulled the lever. With these exceptions the penny machines and the 5-cent machines were constructed and operated on the same plan.

C. F. Moore was not the owner or proprietor of any of the business places where these machines were exhibited, but received 50 per cent. of the money obtained by the proprietor for their operation.

W. M. Adams, the sheriff of Potter county, through peace officers acting under his direction, seized these machines without a search warrant about October 1, 1934. He filed, in the Forty-Seventh judicial district, with the district judge of Potter county a written list of the machines, and with C. F. Moore present a hearing was had, as provided in article 637 of the Penal Code, and judgments entered directing the sheriff to destroy the machines.

W. M. Adams, the sheriff, testified that in all the drug stores, pool halls, etc., that he visited before the seizure, the machines were openly displayed, and he saw customers standing at the machines, dropping in pennies or tokens, pulling the levers, and playing the machines.

E. D. Moore, a grand jury bailiff, testified that before the seizure, under the instructions of the sheriff and the grand jury, he visited each of the places where the machines here involved were displayed, and operated, and saw operated, the machines in each place, and reported what he learned to the sheriff and the grand jury.

On January 4, 1935, C. F. Moore, as plaintiff, instituted this suit in the 108th district court of Potter county against W. M. Adams, the sheriff, to recover the machines, or, in the alternative, the value thereof, which he alleges to be $750.

W. M. Adams, the defendant, answered by general denial, alleged that the plaintiff was not entitled to maintain his suit against him, or to recover a judgment therein because the machines are what is commonly known as "slot machines," constitute gaming devices, and were operated in violation of the law at the time of their seizure.

The case was tried before the court without the intervention of a jury, and judgment entered that plaintiff take nothing by his suit, from which, by writ of error, he prosecutes this appeal.

Appellant's contention is that, since the sheriff seized the machines in controversy without a warrant, the appellant's right to recover such machines could not be defeated by showing that they were used for gaming purposes.

Article 619 of the Penal Code in part provides: "If any person shall directly, or as agent or employee for another, or through any agent or agents, keep or exhibit for the purpose of gaming, any * * * wheel or device of any name or description whatever, * * * or any slot machine, * * * he shall be confined in the penitentiary not less than two nor more than four years."

The testimony amply shows that the machines in controversy were slot machines or gaming devices, operated in public places for gaming purposes. Lytle v. State (Tex.Cr.App.) 100 S.W. 1160; Queen v. State, 93 Tex.Cr.R. 173, 246 S.W. 384; Stanger v. State, 107 Tex.Cr.R. 574, 298 S.W. 906.

Article 1, § 9, of the Constitution of Texas, provides: "The people shall be secure in their persons, houses, papers and possessions, from all unreasonable seizures or searches, and no warrant to search any place, or to seize any person or thing, shall

issue without describing them as near as may be, nor without probable cause, supported by oath or affirmation."

Article 727a of the Code of Criminal Procedure provides: "No evidence obtained by an officer or other person in violation of any provision of the Constitution or laws of the State of Texas, or of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case."

We note that this statutory rule of evidence by its terms excludes evidence against "the accused on the trial of any criminal case." Whether or not the provisions of this statute are applicable to the trial of a civil case such as this we deem it unnecessary to determine.

■ The appellant was not the owner, manager, or proprietor of any of the places where the machines were exhibited, and the machines were not in his possession at the time they were seized. Obviously, the action of the officers did not interfere with him in his person, houses, papers, or possession. Dozier v. State, 105 Tex.Cr.R. 413, 289 S.W. 45; McFarlan v. State, 106 Tex.Cr.R. 384, 292 S.W. 885; Burnett v. State, 110 Tex.Cr.R. 186, 7 S.W.(2d) 548; Banks v. State, 112 Tex.Cr.R. 119, 14 S. W.(2d) 280; and Riviera v. State, 118 Tex. Cr.R. 313, 42 S.W.(2d) 444. His contention is that the machines were his "possessions" or property.

Article 634, Penal Code, is as follows: "The existence of any gambling house or gaming table or bank or gaming paraphernalia or device of whatever kind or character, and all equipments of such gambling house, is hereby declared to be against public policy and a public nuisance. No suit shall be brought or maintained in any court of this State for the recovery of same or for any insurance thereon, or for damages by reason of any injury to, or for the destruction of same."

■ Since appellant cannot possess property rights in gambling paraphernalia (Roberts et al. v. Gossett et al., 88 S.W. (2d) 507, decided by this Court, October 21, 1935), these machines were not such "possessions" as would authorize him to bring or maintain a suit in any court in this state for the recovery thereof.

■ The Constitution and statutes do not prohibit every character of search and seizure without a warrant, but prohibit un-reasonable searches and seizures. These machines were operated for gaming purposes in public places to which the entire public, including the sheriff and his officers, had access. He had actually seen parties gambling on at least a part of the machines involved. There was no unlawful entry to make the seizures. The court passed on probable cause, and, in our opinion, under the facts, was authorized to find that the defendant in this case acted on probable cause. Jenkins v. State, 116 Tex. Cr.R. 374, 32 S.W.(2d) 848, 849.

■ Should it be conceded that the seizure of these machines by the sheriff was illegal, nevertheless the testimony, independent of the evidence obtained by the seizure, amply justifies the conclusion that the machines involved were gaming devices, operated in public places, upon which whosoever had the desire, the penny, or the nickel could play. We are cited to no authority, and have found none, which holds that, because evidence obtained by an unlawful search and seizure is introduced in the trial of a case, the introduction of such inadmissible testimony would create a cause of action which the statute says cannot be maintained or destroy a defense to such a suit.

The judgment is affirmed.