**NASITS et al. v. STATE.**

No. 5254.

Court of Civil Appeals of Texas. Texarkana.

Nov. 19, 1936.

Nat Gentry, Jr., of Tyler, for appellants.
Frank Bezoni, of Tyler, for the State.

JOHNSON, Chief Justice.

This suit was instituted in the special district court of Smith county by Frank Bezoni, district attorney, seventh judicial district, and John Y. Lawhon, county at-torney of Smith county, against N. M. Nasits, Charles Gabriel, and Walter Wilson. The purpose of the suit was to obtain an injunction to restrain and enjoin the defendants from keeping certain described premises located in Smith county, Tex., for the purpose of bookmaking and betting on horse races, as prohibited by articles 647–651, Penal Code. The suit was instituted under and by virtue of articles 4664–4666, Revised Civil Statutes 1925, defining a common nuisance and providing that same may be enjoined and abated in an action brought for that purpose by the district or county attorney of the county in which the nuisance is maintained, and under article 4667, which provides for an injunction in certain instances. Upon notice and a hearing the trial court granted a temporary injunction. The defendants have perfected their appeal to this court.

The statutes hereinafter discussed read as follows:

"Art. 4664. Any hotel, rooming house or boarding house, country club, garage, rent car stand or other place to which the public commonly resort for board or lodging or commonly congregate for business or pleasure, where intoxicating liquors are kept, possessed, sold, manufactured, bartered or given away, or to which persons resort in assembling of two or more persons to the room for the purpose of drinking intoxicating liquor, or where intoxicating liquors are furnished to minors or to students of any educational institution, or where persons resort for the purpose of gambling, or for the purpose of prostitution, is hereby declared to be a common nuisance. Any person who knowingly maintains or assists in maintaining such a place is guilty of maintaining a nuisance."

"Art. 4667. The habitual use, actual, threatened or contemplated, of any premises, place or building or part thereof, for any of the following uses shall be enjoined at the suit of either the State or any citizen thereof:

"1. For gaming or keeping or exhibiting games prohibited by law.

"2. For keeping, being interested in, aiding or abetting the keeping of a bawdy or disorderly house, as those terms are defined in the Penal Code.

"3. For carrying on bucket shops as defined in the Penal Code, or the habitual use by or permitting to remain in any such bucket shop, any telegraph or telephone wires or instruments, under circumstances prohibited by the Penal Code.

"Any person who may use or be about to use, or who may aid or abet another in the use of any such premises for any purpose mentioned in this article may be made a party defendant in such suit. The Attorney General or any district or county attorney may bring and prosecute all suits that either may deem necessary to enjoin such uses, and need not verify the petition; or any citizen of this State may sue in his own name and shall not be required to show that he is personally injured by the acts complained of."

"Art. 647. No person, or any agent of any association of persons or any corporation, shall at any place in this State, engage or assist in pool selling or bookmaking, on any horse race or by means of any pool selling or bookmaking, take or accept any bet or aid any other person in betting or taking or accepting any bet

upon any horse race to be run, trotted or paced in this State.

"Art. 648. No person or any agent of any association of persons or corporation, at any place in this State, by pool selling or bookmaking or by means of telegraph, telephone or otherwise, shall aid or assist any other person in wagering, betting or placing a bet or in offering to wager, bet or place a bet of anything of value on any horse race to be run, trotted, or paced at any place in this State or elsewhere.

"Art. 649. No owner, agent or lessee of any property in this State shall permit the same to be used as a place for selling pools or bookmaking or wagering or receiving or assisting any person in placing any bet or in receiving or transmitting any offer to bet anything of value on any horse race to be run, trotted, or paced at any place in this State or elsewhere.

"Art. 650. Whoever violates any provision of the three preceding articles shall be fined not less than two hundred nor more than five hundred dollars, and be imprisoned in jail not less than thirty nor more than ninety days.

"Art. 651. Whoever shall buy pools or otherwise wager anything of value on any horse race to be run, trotted or paced, at any place in this State or elsewhere, or offers to wager, or offers to place any money or other thing of value with any other person to be transmitted to any other place to be wagered on any such horse race, shall be fined not less than twenty-five nor more than one hundred dollars."

It is the contention of appellants that keeping a place for bookmaking and betting on horse races as prohibited by articles 647–651 P.C. does not constitute a common nuisance as defined by article 4667, R.S. and authorized to be enjoined under article 4666, R.S. and that it is not an act against which an injunction is authorized under article 4667. In support of their contention appellants rely upon the case of Thomas v. State (Tex.Cr.App.) 91 S.W. (2d) 716, and the State of Texas ex rel. John R. Shook, Criminal District Attorney, v. All-Texas Racing Ass'n et al., 97 S.W.(2d) 669, opinion of Commission of Appeals adopted by Supreme Court of Texas, October 28, 1936, not yet reported [in State Reports].

In the Thomas Case, supra, it is held that an indictment charging the defendant with keeping a place for betting on horse races

does not charge an offense under article 625, P.C., which makes it a felony to keep a place for betting with cards, dice, or dominoes, "or as a place where people resort to gamble, bet or wager upon anything whatever." It is so held for reason that, applying the rule of ejusdem generis in aid of construction, the words "or as a place where people resort to gamble, bet or wager upon anything whatever" expressed in said article, following specific mention and prohibition of keeping a place to bet or wager or to gamble with cards, dice, or dominoes, is meant to include only acts of a like or similar nature to those specifically mentioned in said article, and therefore do not include the dissimilar game of betting on horse races, bookmaking, and pool selling. This holding and the rule applied in aid of construction was recognized and followed by the Supreme Court in the case of Shook v. All-Texas Racing Ass'n, supra, in its holding that betting on dog races was not covered by article 625 and therefore could not be enjoined under article 4664 as acts of gambling prohibited by article 625, Penal Code.

It is the contention of appellants that, under the rule applied in aid of construing article 625, in the Thomas Case, the words found in article 4664 here under consideration, namely, "or where persons resort for the purpose of gambling," should be construed not to include bookmaking and betting on horse races, since no such games and none similar to them are specifically mentioned in article 4664 preceding the general language "or where persons resort for the purpose of gambling." The contention is not sound, for the reason there are no specific acts of gambling mentioned in article 4664, to a like character of which the words "or where persons resort for the purpose of gambling" may be restricted. Hence there is no ground for applying the rule of ejusdem generis in construction of the language here under consideration in article 4664. By use of the words "or where persons resort for the purpose of gambling," found in article 4664, the Legislature clearly meant to cover at least all those acts of gambling which have been specifically defined and prohibited by our penal statutes, one of which acts is betting on horse races. So, we think, appellants' case comes within the provisions of article 4664, if the *place* which they were keeping for the purpose of bookmaking and betting on horse races

was a place of a like kind and character as those specifically mentioned in said article 4664. We will now discuss that point.

In Shook v. All-Texas Racing Ass'n Case, supra, the purpose of the suit was to obtain an injunction to restrain and enjoin the defendants from operating a pari-mutual system of betting on the result of dog races run on certain premises, which premises are described as "a tract of land at the corner of New Seguin highway and the W. W. White road in precinct No. 3 of Bexar county." The Supreme Court held:

"It is obvious from a careful reading of this article [4664] that the *place* sought to be declared a nuisance because of the operation of the race course, even if it be conceded that the conducting of same constitutes gambling, is not such *place* as is designated by the statute. It will be noted that the statute does not declare that *any place* 'where persons resort for the purpose of gambling' is a nuisance. It is only any 'hotel, rooming house or boarding house, country club, garage, rent car stand or other place to which the public commonly resort for board or lodging or commonly congregate for business or pleasure' which becomes a public nuisance when persons resort thereto for the purpose of gambling. The *premises* sought to be declared a nuisance in this instance are not within the provisions of this article. It follows, therefore, that as no nuisance exists by virtue of this statute, the district attorney has no authority under article 4666 to maintain an action for an injunction to abate or enjoin the same." (Italics ours.)

The *place* kept by appellants in this case is described as follows: " * * * certain premises, place, building, buildings, edifices and house situated just south of the city limits of the City of Tyler, Smith County, Texas, and being situated between the Tyler-and-Troup Highway and the Jacksonville-and-Tyler highway, immediately south and approximately seventy-five yards south of the point where the Tyler-Jacksonville and Troup-and-Tyler roads merge into South Broadway Street in the City of Tyler, and being on the premises known as the Camp Fire Tourist Camp, in said county, said house being Cabin No. 17. * * * *"

We think a tourist camp house as here located and described is a place similar to and of a like character as those specifically

mentioned in said article 4664, and that in so holding we are not in conflict with the holding in Shook v. All-Texas Racing Ass'n, supra.

In the All-Texas Racing Ass'n Case, supra, it is further held that keeping a place for the purpose of betting on dog races did not come within article 4667, which provides for injunction in certain instances, for the reason that betting on dog races is not a game prohibited by law. In disposing of this point the Supreme Court said:

"While the case is not briefed upon the theory that the district attorney was entitled to an injunction under article 4667, yet the pleadings refer to that article, and we have carefully considered the question of whether or not the proceeding was authorized under that article. The pertinent portions are as follows:

"'The habitual use, actual, threatened or contemplated, of any premises, place or building or part thereof, for any of the following uses shall be enjoined at the suit of either the State or any citizen thereof:

"'1. For gaming or keeping or exhibiting games prohibited by law.'

"We do not find any provision in the Penal Code defining gaming which can be construed to include dog racing or betting on dog races. It is not a game prohibited by law."

Bookmaking and betting on horse races is a game specifically prohibited by law, articles 647–651, P.C. Therefore, keeping a place such as that kept by appellants for bookmaking and betting on horse races may be enjoined under the provisions of article 4667, R.S.

Further complaint is made of the judgment of the trial court in that it not only enjoins appellants from operating the place described in the petition, but also, in a separate decree contained in the judgment, enjoins appellants from operating *any place* in Smith county, Tex., for the purposes mentioned in the petition. The petition does not allege, nor do the facts show, that there is any use, threatened or contemplated, by appellants of any place in Smith county, other than that described in the petition, for the purposes mentioned in the petition. Therefore this decree will be stricken from the judgment and the judgment of the trial court as so modified will be affirmed.