## MIHOVIL v. HILL, Sheriff.

### No. 10626.

Court of Civil Appeals of Texas. Galveston.

June 23, 1938.

H. J. Bernard and B. L. Palmer, both of Houston, for appellant.

Dan W. Jackson, Cr. Dist. Atty., and Spurgeon E. Bell, Asst. Cr. Dist. Atty., both of Houston, for appellee.

GRAVES, Justice.

This brief statement, with only immaterial omissions interpolated, is taken from the appellee's brief: "This is an appeal from an order of the district court of Harris County, Texas, 55th Judicial District, refusing a mandatory injunction. Appellee, through his deputies, acting under a subpoena from the Grand Jury of Harris County, went to 9009 Main Street in Houston, Harris County, Texas, for the purpose of obtaining any witnesses found there to testify concerning the operation of what is commonly called a 'bookie shop' at that address by appellant and others. The subpoena also directed that all gambling paraphernalia found there be seized and brought before the Grand Jury. After certain loudspeakers, over which results of horse-races

were announced, blackboards, upon which horse-race results were written, and some other items of property, all used in connection with reporting results of horse-races, were·so seized, the appellant filed a suit asking the court for a mandatory injunction, directing appellee to return the property so seized. After hearing the evidence from both sides, the court refused to grant the order, hence this appeal."

Without undertaking to question any of the fact findings of the court, that are implied from its refusal of the writ sought, appellant grounds his appeal upon a single assignment of error (appending thereto five propositions of law) as follows: "The court erred in adopting the theory of appellee that a place where bets and wagers are made and accepted on horse races is a gambling house as that term is defined in the statutes."

In support of the presentments, he cites in the main these authorities: Thomas v. State, 129 Tex.Cr.R. 628, 91 S.W.2d 716; Art. 642, Chapter 6, Penal Code of Texas; Arts. 647, 648, 649, and 650, Chapter 6, Penal Code of Texas.

In answer, the appellee, after citing Penal Code, Art. 638, together with such authorities as Jowell v. Carnine, Tex.Civ. App., 20 S.W.2d 1087, and 24 Tex.Jur. Sec. 57, p. 78, as conferring upon appellant an adequate remedy at law for the return of the property to him, thereby making the injunctive relief sought unavailable, further defends the judgment upon substantially this ground:

Appellant was found under the facts to have been maintaining the premises, as described supra, for the purpose of taking and accepting bets on horse races through a system of pool selling, using the seized paraphernalia in connection with and in furtherance thereof; hence he was maintaining a gambling house, and as a means of doing that was using gaming paraphernalia, all in violation of the criminal laws of the State, as set forth in these statutes and authorities: Article 647, Penal Code 1925, Nasits v. State, Tex.Civ.App., 100 S. W.2d 783; Article 634, Penal Code, 1925, Moore v. Adams, Tex.Civ.App., 91 S.W. 2d 447, Roberts v. Gossett, Tex.Civ.App., 88 S.W.2d 507.

The answering position of the appellee is deemed to be sound, and · supported by the authorities he cites; the evidence offered was sufficient to sustain findings to the effect that the property the sheriff so seized at the location given belonged to the appellant and was being then and there used by him in connection with a bookmaking shop with reference to horse racing; that the blackboards referred to were likewise being used by him to writ the results of the races upon; and that the loudspeakers, which were connected with a radio, were also being used by him for the purpose of announcing the results of the horse races to many persons assembled for the purpose at that place, who had tickets showing that a bet had been made on such horse races; in other words, that appellant had been using his place there for the purpose of promoting the betting on horse races by means of pool selling, and in connection therewith and in furtherance thereof, he had been so using the seized property.

■ If deemed necessary in support of the judgment, all the findings thus supported by the evidence will be considered as made, under well-settled authority.

Appellant's main reliance for his contrary position—that betting on horse races ¸is neither gambling nor gaming, as denounced in our criminal statutes, and consequently the property used in connection with pool selling on such races was not subject to seizure—seems to be the holding of the Court of Criminal·Appeals in Thomas v. State, 129 Tex.Cr.R. 628, 91 S.W.2d 716.

As this court understand it, however, it was not there held that betting on horse races through pool selling did not constitute gaming, but only that pool selling on horse races was a misdemeanor under Penal Code, Article 647, rather than a felony under Article 625 of the same Code.

■ The view taken by the learned trial court in this instance was that betting on horse races through such pool selling is gambling, wherefore property used in connection therewith constituted gaming equipment and was accordingly subject to such seizure as was here made; the cited case of Nasits v. State, Tex.Civ.App., 100 S.W. 2d 783, construing R.S. Articles 4664–4666, is regarded as upholding . that view and justifying the refusal of the injunction herein sought.

These conclusions require an affirmance; it will be so ordered.

Affirmed.

PLEASANTS, C. J., absent.