

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

Gerald C. Mann
XXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Hon. Joe P. Hatchitt      Opinion No. O-3500
District Attorney        Re: Whether the described prize
Brownsville, Texas       plan constitutes a violation of the
lottery statutes of Texas

Dear Sir:

Your letter of April 30, 1941, requests the opinion of this department upon the question of whether the described radio program constitutes a lottery in contravention of the statutes of Texas. The plan is described in your letter as follows:

"I submit herein for your ruling the proposition presented to me by KRGV Radio Station located at Weslaco, which concerns the program of the KreeMee Ice Cream Co., of Harlingen.

"The program is patterned after the Pot O'Gold program. KRGV is to select each day at random from the citizens of the Valley the name of a certain person and at the time the selection is made and announcement is made a messenger is sent to the home of the citizen with a coupon entitling him to a quart of KreeMee Ice Cream. If the citizen has in his or her possession ten labels or reasonable facsimiles of the ice cream cartons labels, she will receive in addition to the coupon entitling her to a quart of ice cream, $5.00 cash. If he or she has less than ten labels or reasonable facsimiles she will receive a coupon entitling her to a quart of ice cream for each label or reasonable facsimile she has on hand. In the event that this citizen is not at home and no one is at home, she will receive a quart of ice cream but will not be eligible to receive any part of the $5.00 which money will be carried over from day to day increasing as in the Pot O'Gold program."

Section 47 of Article 3 of the Constitution of Texas reads as follows:

"The Legislature shall pass laws prohibiting the establishment of lotteries and gift enterprises in this State, as well as the sale of tickets in lotteries, gift enterprises or other evasions involving the lottery

principle, established or existing in other States."

Pursuant thereto the Legislature enacted Article 654 of the Penal Code of Texas which reads as follows:

"If any person shall establish a lottery or dispose of any estate, real or personal, by lottery, he shall be filed not less than one hundred nor more than one thousand dollars; or if any person shall sell, offer for sale or keep for sale any ticket in any lottery, he shall be fined not less than ten nor more than fifty dollars."

In the concurring opinion of Judge Hawkins of the Court of Criminal Appeals of Texas in Cole v. State, 112 S.W. (2d) 725, there appears the following fine analysis of what constitutes a lottery under the laws of Texas:

"There is not now, nor ever has been an attempt in this state to define by statute what constitutesa lottery. The term is defined by the statutes of only a few of the states. Corpur Juris, vol. 38, p. 288, note 10, lists only four, but says 'that such definitions seldom vary in substance from those established by the courts.' Having no definition in our statute, we must resort to the meaning given the term by popular usage as determined by the various courts. When that is done, it is clear that three things must concur to establish a thing as a lottery: (a) A prize or prizes; (2) the award or distribution of the prize or prizes by chance; (c) the payment either directly or indirectly by the participants of a consideration for the right or privilege of participating. Texas Jur., vol. 28, p. 409, 2, deduces from our own cases the rule stated, and it appears that in every case from our own court where a scheme has denounced as a lottery that the three elements mentioned are shown by the facts to have been present. See Randle v. State, 42 Tex. 580; Grant v. State, 54 Tex.Cr.R. 403, 112 S.W. 1068, 21 L.L.R.A., N.S., 876, 130 Am.St.Rep. 897, 16 Ann.Cas. 844; Prendergast vs. State, 41 Tex.Cr.R. 358, 57 S.W. 850; Holoman v. State, 2 Tex.App. 610, 28 Am.Rep. 439 and other Texas cases cited in Texas Jur., supra. The same rule demanding the presence of the three elements named will be found stated in 17 Ruling Case Law, p. 1222, and 38 Corpus Juris, p. 286, with innumerable supporting cases cited under the text in each of said volumes."

In Boatwright v. State, 118 Tex.Crim.Rep. 381, 38 S.W.(2d) 87, it was said:

"Any scheme for the distribution of prizes by chance, under our statute, is a lottery. Queen v. State, 93 Tex.Cr.R. 173, 246 S.W. 384; Stanger v. State, 107 Tex.Cr.R. 574, 298 S.W. 906. The phrase 'game of chance' is defined in 27 Corpus Juris at page 968, asfollows: 'It is a game determined entirely or in part by lot or mere luck, and in which judgment, practice, skill or adroitness have honestly no office at all, or are thwarted by chance; a game in which hazard entirely predominates.'"

Under the facts before us, a prize is given. The lucky citizen receives a quart of ice cream and may receive $5.00 in cash or an additional quart of ice cream for each label or reasonable facsimile thereof.

Likewise, the award or distribution of the prize or prizes is by chance. The participant is selected "at random from the citizens of the Valley." His judgment, practice, experience, or skill enter in not at all.

And, in our opinion, there exists, also, the payment either directly or indirectly by the participant of a consideration wherefore the chances of receiving an additional prize are enhanced. This inheres in the fact that the participants in the plan, that is, the listening public, are induced to purchase the ice cream being advertised in order to be eligible for the $5.00 cash prize by virtue of the possession of ten labels, or reasonable facsimiles, from the ice cream cartons, or, by having less than ten labels, to be eligible to receive additional quarts of ice cream. The opportunity of receiving the prizes offered is not the same for everybody but is enhanced in respect to those who have purchased the product being advertised. We do not believe this element of consideration obviated by the fact that the citizen may have in his possession reasonable facsimiles of the labels, instead of the actual labels. This would pay homage to a possibility which is in its nature remote and unlikely.

In our opinion, for a scheme to be entirely lacking in the element of a payment either directly or indirectly by the participants of a consideration for the right or privilege of participating fully in the prize or prizes given, such prizes must be absolutely free. This is not true in the facts before us.

If the quart of ice cream only were given, or additional prizes irrespective of and unconnected with the purchase of the product advertised, the plan would not, it would appear, come within the condemnation of the law. But this question is not before us.

You are therefore respectfully advised that it is the opinion of this department that the radio program described in your letter does constitute a lottery under the Constitution and statutes of the State of Texas.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Zollie C. Steakley
Zollie C. Steakley, Assistant

APPROVED: MAY 20, 1941
/s/ Grover Sellers
FIRST ASSISTANT ATTORNEY GENERAL

APPROVED: OPINION COMMITTEE
BY:      BWB, CHAIRMAN

ZCS:db:wb